THOMAS MACKELLAR, Respondent, *v.* GEORGE W. ROGERS, Impleaded, etc., Appellant.

*It seems* that where a counter-claim is interposed in an equity action and the defendant demands thereon an affirmative judgment for money, he is not entitled, under the Code of Civil Procedure (§ 974), to a trial by jury as of course; but, if he desires such a trial, he must apply upon notice to the court for an order directing all the questions arising upon the issues to be stated for trial. (§ 970.)

In an action to foreclosure a mortgage, the answer admitted the allegations of the complaint and set up new matter, characterized as a counter-claim, and demanded judgment for a sum alleged to be due; also, damages for breach of a contract. The averments were put in issue by the reply. Both parties noticed the issues for trial at Special Term, where, upon the cause being reached, defendant demanded a trial by jury, which was denied; he then asked leave to make application for the framing of issues, which was denied. *Held,* no error; that by noticing the cause for trial at a court, of which a jury forms no part, the defendant waived his right to a jury trial and consented to a trial by the court; and that the granting or refusal of the request was matter of discretion and its exercise not reviewable here.

The provision of said Code (§ 1009), specifying certain modes by which trial by jury may be waived is not exclusive, and the same effect may be given to any evidence, of conduct or acquiesence by a party, which in other cases would require a conclusion that a right designed for his benefit has been waived.

*Wheelock* v. *Lee* (74 N. Y. 495) distinguished.

(Submitted April 20, 1888; decided June 5, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the state of New York, entered upon an order made December 7, 1885, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. (Reported below, 20 J. & S. 468.)

The nature of the action and the material facts are stated in the opinion.

*Martin J. Keogh* for appellant. The counter-claim sets forth a cause of action for damages for a breach of contract, and demands judgment for which a separate cause of action might be maintained, upon which defendant is entitled to a jury trial as matter of right. (Code of Civil Pro. §§ 382, 968, 974, § 720, as amended in 1879 ; *Cook* v. *Jenkins*, 79 N. Y. 575 ; *Kain* v. *Delano*, 11 Abb. [N. S.] 29 ; *Hewlett* v. *Wood*, 62 N. Y. 75 ; *Clark* v. *Brooks*, 26 How. 285 ; *McDonnell* v. *Stevens*, 9 Hun, 28 ; *Ross* v. *Combes*, 37 N. Y. Sup. Ct. 289 ; *Litchfield* v. *Dezendorf*, 11 Hun, 358 ; *Brady* v. *Cochran*, 23 id. 274.; *Bell* v. *Mayor, etc.*, 11 Hun, 511 ; *Camp* v. *Ingersoll*, 86 N. Y. 433 ; *Van Rensselaer* v. *Jewett*, 6 Hill, 373 ; *Thomas* v. *Reab*, 6 Wend. 503 ; *Magown* v. *Sinclair*, 5 Daly, 63 ; *Keep* v. *Keep*, 58 How. 139 ; *Townsend* v. *Hendricks*, 40 How. Pr. 143 ; *Jerome* v. *Scudder*, 2 Rob. 169 ; *Smith* v. *Kelly*, 56 Me. 64 ; *Love* v. *Cobb*, 63 N. C. 324 ; *Youell* v. *Allen*, 18 Mich. 108 ; *Vigers* v. *Pike*, 8 Cl. & Fin. 582 ; *Nelson* v. *Bridges*, 2 Beav. 239 ; Story on Equity, §§ 749, 769, 794 ; *Sternberger* v. *McGovern*, 56 N. Y. 12 ; *Wiswall* v. *McGown*, 2 Barb. 270 ; *Shepard* v. *Sanford*, 3 Barb. Ch. 127 ; *Newham* v. *May*, 13 Price, 749 ; *Blore* v. *Sutton* 3 Meriv. 247 ; *Clifford* v. *Brooks*, 13 Vesey, 130 ; *Bradley* v. *Aldrich*, 40 N. Y. 504 ; Const. of N. Y. art. 1, § 2.) Defendant has not waived his right to a jury trial, and his legal rights have been preserved. (Code of Civil Pro. § 1009 ; *Wheelock* v. *Lee*, 74 N. Y. 495 ; *Davidson* v. *Asso. of Jersey Co.*, 71 id. 333, affi'g 6 Hun, 470 ; *Hennequin* v. *Butterfield*, 43 N. Y. 411 ; *Hudson* v. *Caryl*, 44 id. 553 ; *Litchfield* v. *Dezendorf*, 11 Hun, 358.) The court erred in holding that the practice required the defendant to move at Special Term to frame issues to be tried by a jury. (Code of Civil Pro. §§ 823, 975 ; *Snell* v. *Loucks*, 12 Barb. 385 ; Const. art. 1, § 2 ; 3 Blackstone's Com. 452 ; Baylies' Trial Prac. 272 ; Laws of 1838, p. 244 ; *Griffith* v. *Griffith*, 9 Paige, 315 ;

Laws of 1839, p. 292; Chancery Rules, Rule 96; *Lord Teynham* v. *Tyler*, 6 Bing. 561; *Barker* v. *Ray*, 2 Russ. 63; *Carroll* v. *Deimel*, 95 N. Y. 252; Bouvier's Law Dic., "Feigned Issue.")

*Geo. M. McKellar* for respondent. The defendant has no constitutional right of trial by jury of the questions raised by his counter-claim. (Constitution 1846, art. 1, § 2; *Chapman* v. *Robertson*, 6 Paige, 627; *Jennings* v. *Webster*, 8 id. 503; *Holden* v. *Gilbert*, 7 id. 208; Code of Pro. §§ 253, 254; *Gould* v. *Bennett*, 59 N. Y. 124; *In re Empire City Bank*, 18 id. 199, 210; *Welsh* v. *Darragh*, 52 id. 590; *Townsend* v. *Hendricks*, 40 How. Pr. 143; *Verplank* v. *Kendall*, 45 Supr. Ct. [J. & S.] 525; *Untermeyer* v. *Beinhauer*, 105 N. Y. 521.) Whatever right the defendant had to a jury trial he waived by failing to comply with the requirements of section 970 of the Code and rule 31, General Rules of Practice. (Throop's Code [ed. 1882], § 972, n.; *Baird* v. *Mayor, etc.*, 74 N. Y. 382; *Barlow* v. *Scott*, 24 id. 40; *Greason* v. *Keteltas*, 17 id. 491, 498; *West Point Co.* v. *Rymert*, 45 id. 703; *McKeon* v. *See*, 51 id. 300.)

DANFORTH, J. The action was for the foreclosure of a mortgage. The answer expressly admitted the material allegations of the complaint, but set forth new matter, characterized it as a counter-claim and demanded an affirmative judgment for $31,115.57, money due, besides $20,000 damages for breach of contract. The plaintiff by reply put these matters in issue. The defendant gave notice that the issues of fact so joined would be brought to trial at the then next Special Term, and at the same time a like notice was given by the plaintiff. At the time mentioned both parties appeared, and, as the record states, the cause having been reached for trial, counsel for defendant "demanded a trial by jury of the counter-claim set up in his answer, as his constitutional and legal right." This application was denied on the ground "that the proper mode of applying for a jury trial, under such circumstances, is upon notice of motion to have

special issues sent to a jury for trial." The defendant then asked leave to make application at Special Term for the framing of issues, but it was denied. To grant or refuse such request was clearly a matter of discretion, and its exercise is not the subject of review in this court. The trial, however, went on and resulted in a judgment for the plaintiff according to the prayer of his complaint. It was affirmed by the General Term, and we have only to inquire whether the defendant was, under the circumstances, entitled to a jury trial as a matter of right.

The appellant's contention rests upon section nine hundred and seventy-four (§ 974) of the Code of Civil Procedure, which provides that " where the defendant interposes a counter-claim, and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counter-claim, and demanding the same judgment." The conditions upon which the right depend exist in favor of the defendant, but that right is not absolute or unqualified ; it is relative and limited, and, in the words of the heading of section 974, " within " certain " foregoing sections " only is " a counter-claim to be deemed an action." We find nothing there which required a court to sanction the course pursued by the defendant. If tolerated, it would enable a person sued to postpone and delay the plaintiff in the prosecution of a just cause until at a convenient time and before another tribunal he had presented a cause of action subsequently brought into court, and the determination of which has no necessary connection with the plaintiff's demand in suit. It would, moreover, permit him to do this after selecting a different court for the the trial of his issue, and evade that trial at the moment it was to commence by the expression of his mere wish to go into a different forum, thus putting his adversary at defiance and interrupting the court in the transaction of business which he himself had in a formal manner brought before it.

It is to be conceded that the mode of trial of the issue tendered by his counter-claim might be the same as if it had arisen in an action. But a counter-claim in an equity suit is not a case where a right to a jury trial existed at common law. (*Chapman* v. *Robertson*, 6 Paige, 627 ; *Jennings* v. *Webster*, 8 id. 503.) It is not secured by the Constitution. It is not to be had as of course, for the action is not within section 970 of the Code (*supra*), the complaint demanding judgment other than for a sum of money. It is conferred by statute (§ 974), and so is within section 970 (*supra*), which requires an application upon notice to the court for an order directing the questions arising upon the issues to be stated for trial. No such application was made. Moreover, the right given by section 974 attached, when by the reply issue was joined upon the allegations of the answer. The subsequent step taken by the defendant in noticing the issues so joined for trial, at a court of which a jury forms no part, was inconsistent with any intent to take advantage of the right to a jury trial. That right could be waived, and by this notice the defendant must be held to have consented to a trial before the court and without a jury. Neither the Code nor the cases cited by the appellant are opposed to this view. The Code (§ 1009), specifies certain modes by which trial by jury may be waived, but the provision is not exclusive, and the same effect may be given to any evidence, either of conduct or acquiescence, by a party, which in other cases would require a conclusion that a right designed for his benefit had been waived.

In *Wheelock* v. *Lee* (74 N. Y. 495), the · plaintiff joined equitable with legal causes of action, so that in one of its aspects' the action was triable at Special Term, and the court held that the defendant, by noticing it for trial, did not waive his right to have the issues on the legal causes of action submitted to the jury. In the case before us the only issues to be tried were those tendered by the defendant. They were triable before a jury, but if the parties consented might also be tried before the court without a jury. Each party noticed

the case for trial before a court for which no jury could be drawn, and the notice which carried the cause there must be deemed an unequivocal election by both parties to have the case so tried.

In *Davison* v. *Associates of the Jersey Co.* (71 N. Y. 333), the form of the action was in equity. The plaintiff demanded a jury trial because, as he alleged,* the evidence would show a cause of action at common law for damages merely. It was held to have been properly denied, the court saying that "the plaintiff elected to bring an equitable action, and thereby elected the forum in which it should be tried." Less effect should not be given to the formal notice which not only discloses a party's own choice, as to the mode of trial, but requires the adverse party to attend according to that choice.

We agree, therefore, with the conclusion of the General Term and affirm the judgment.

All concur ; EARL, J., in result.

Judgment affirmed.