PENDERGAST *v.* GREENFIELD *et al.*

(*Supreme Court, General Term, First Department.* December 2, 1889.)

1. TRUSTS—ACCOUNTING—EQUITY JURISDICTION—ACCOUNT STATED.

An action on a declaration of trust, whereby defendant acknowledged that an assignment to him was "in trust only" to pay certain claims against his assignor, brought by one of such claimants for an accounting and for the application of trust funds to trust purposes, is properly and necessarily in equity, and is not on an account stated, so as to entitle defendant to a jury trial, though the complaint alleges that from time to time accounts were had between the parties concerning the trust fund, and that at a certain time an account was stated between them showing a certain amount due by defendant under his trust, as this is simply an allegation as to the amount agreed upon by the parties as applicable to the trust purposes.

2. SAME—ACCOUNTING.

The assignment was of all sums payable to the assignor for certain work under a contract, and the declaration of trust provided that the assignment was to pay "all liens, claims, debts, and demands growing out of said work, and existing against" the assignor "by reason of said work." *Held,* that this referred to work to be done until the completion of the contract, as well as to work already done, and covered moneys furnished for such work after as well as before the declaration of trust.

3. SAME.

When defendant neither denies the averment of an agreed account, nor alleges any mistake, he is entitled to no credits other than are contained therein.

Appeal from special term, New York county.

Action by Charles H. Pendergast, as receiver of the Produce Bank of the City of New York, against Ernest Greenfield, as trustee and individually, impleaded with the Continental National Bank of New York.    Defendant Greenfield appeals from a judgment for plaintiff, and from orders (1) denying his motion for a jury trial, (2) granting plaintiff an extra allowance for costs, and (3) denying a motion for new trial.

Argued before VAN BRUNT, P. J., and DANIELS and BARRETT, JJ.

*Burton N. Harrison,* for appellant.    *Strong & Cadwalader, (John L. Cadwalader,* of counsel,) for respondent.

BARRETT, J.    This action is founded upon a declaration of trust executed by the defendant on the 24th day of January, 1880, whereby he acknowledged that an assignment, executed contemporaneously by one Decker, was made to him (Greenfield) "as trustee and in trust only" for certain specified purposes.    The assignment vested in the defendant all sums payable by the city for the improvement known as the "Riverside Drive."    Decker's firm were the contractors for its construction; and the bank, of which the plaintiff is

receiver, had discounted Decker & Co.'s notes to a large amount, to enable them to carry on the work. Prior to the date above mentioned, assignments were made which vested in Decker individually all the rights of his firm in their contract with the city. He thereupon assigned all such rights to the defendant, and the latter then executed the trust instrument in question. By that instrument the defendant acknowledged that the assignment to him was "in trust only" to pay, out of the moneys or profits derivable from the Riverside Drive contract, "all liens, claims, debts, and demands growing out of said work, and existing against the firm of Decker & Co., or either member thereof, as such, by reason of said work." The defendant further agreed to account to Decker for all moneys or profits "received, or to be received, under or by reason of the assignment, * * * after payment of said liens, claims, debts, and demands by him to be paid as aforesaid." The effect of these instruments—the assignment and declaration of trust—was to create the relation of trustee and *cestui que trust* between Greenfield and all the persons whose liens, claims, debts, and demands were thus to be paid. Among the latter was the Produce Bank. The plaintiff, as its receiver, brought this action against Greenfield for an accounting, and for the application to the purposes of the trust of whatever sums should be found in his hands as such trustee under the assignment and declaration of trust.

The defendant's first point is that the action was, in substance, upon an account stated; that he was therefore entitled to a jury trial; and that, because of its denial, he is entitled to a reversal of the judgment. He founds this point upon an allegation in the complaint which reads as follows: "(3) That from time to time accounts were had as between the said Produce Bank of the City of New York and said Ernest Greenfield, such trustee, concerning the amounts from time to time collected, disbursed, and in his hands; and that on or about the 1st day of April, in the year 1885, an account was stated between the plaintiff, as receiver of the said Produce Bank, and Ernest Greenfield as trustee as aforesaid, as to all sums and amounts up to that time collected, and as to all sums or amounts paid or payable by him to such date, by which account and statement as aforesaid a balance was found due by the said Ernest Greenfield as such trustee, under his trust, of the sum of $5,958.48." The appellant's contention proceeds upon an inaccurate view of the scope of the complaint, and of the effect of this averment. The action is not upon a common-law demand, but is in equity for an accounting. Nor is the form of the action unnecessarily in equity, and thus designed to evade the constitutional rights guarantied in common-law actions. There was no contract between Greenfield and the Produce Bank which the latter could enforce at law. The agreement was between Greenfield and Decker, and the declaration of trust could only be enforced in equity by the persons for whose benefit it was executed. The action by one of the *cestuis que trustent* was therefore properly and necessarily of an equitable character, invoking the equity powers of the court to compel the trustee to perform his trust duty, to account to the *cestuis que trustent*, and to apply the moneys received by him under the assignment to the purposes specified in the contemporaneous declaration. The action was not upon an account stated at all, either technically or substantially. The averment above quoted amounts to nothing more than a statement that prior to April 1, 1885, the trustee had from time to time voluntarily accounted to one of the *cestuis que trustent;* and that on April 1, 1885, he again accounted, giving his *cestui que trust* full statements of receipts and disbursements up to date, and agreeing upon the ascertained balance then in his hands under the trust. The effect of this was simply that the trustee duly accounted to a particular *cestui que trust* for all his doings as trustee up to a certain date. So far he became bound to that *cestui que trust* in any subsequent proceeding by the latter to enforce the trust. The fact of such settled accounting was but an incident of pleading and proof in an ac-

tion calling for the application of the ascertained balance to the trust purposes. That accounting settled nothing with regard to the extent of the plaintiff's demand against the ascertained balance. There was in fact no account to be stated between the plaintiff and the defendant, in the ordinary sense of that expression. The word "stated" is used in the complaint, as applicable to the defendant's account of receipts and disbursements, in the sense of "agreed upon." The allegation is, in substance, that the plaintiff and the defendant agreed upon the latter's account of April 1, 1885, and that, as between them, a balance was then found due, applicable to the trust purposes of $5,958.48. The court, therefore, properly retained the action for trial at special term, without a jury. Upon the trial the plaintiff gave evidence tending to show that the Produce Bank and the defendant the Continental Bank were now the only remaining *cestuis que trustent* who have any "liens, claims, debts, or demands" growing out of the work on Riverside drive, and existing against Decker & Co. He also gave evidence tending to show that such liens, claims, debts, and demands amount to considerably more than the ascertained balance of April 1, 1885, namely, from $13,000 to $14,000. The defendant contested these claims, insisting that the plaintiff and the Continental Bank should be confined to notes which were discounted prior to the date of the trust instrument. This contention runs through the appellant's points, and seems to be his main reliance, so far as the merits are concerned. It is not altogether clear that the claims sought to be enforced are, as matter of fact, amenable to the defendant's criticism. But I have no doubt that they are fully covered by the trust instrument, read in the light of the surroundings. Its spirit and purpose cannot well be doubted. It was to enable Greenfield to collect all sums due at and after the date of the assignment, and to require him to pay all claims growing out of the work. The appellant contends that this expression is qualified by the words which immediately follow in the trust instrument, "and existing against the firm of Decker & Co." This clearly does not mean so existing only at the date of the instrument, but existing then or at any time during the progress of the work. The language is: "Growing out of the work, and existing against Decker & Co. by reason of said work." This referred to work done and to be done until the contract was completed, and to moneys furnished from time to time to aid in the construction. And this is the interpretation of the instrument which the parties acted upon. For Greenfield collected large sums subsequently, and also paid large sums arising after the date of the assignment. Indeed, Greenfield recognized the rights of the plaintiff and the Continental Bank as late as December, 1884, when he entered into an agreement with them whereby, in consideration of his promise to account, they released him from all personal responsibility, and took certain suits brought by other claimants off his hands.

The remaining question is whether the defendant was entitled to further credits besides those which entered into the account of April 1, 1885. This seems to be settled by the pleadings themselves, for there is in the defendant's answer neither denial of the averment already quoted, nor affirmative allegation setting up mistake or specifying any additional claim of credit. The defendant does deny in a general way that the account comprises each and every item which he was entitled to charge against the trust fund, but he does not set forth the particulars of any item omitted from the account, nor allege, even in general terms, that any item was, by mistake or otherwise, in fact omitted, nor does he in any manner qualify the admission that an account was stated (meaning, as we have already seen, agreed upon) as to all receipts and disbursements up to the date specified, and that a balance was then found due by the defendant, as such trustee under his trust, of $5,958.48. The claims that he attempted to make upon the trial, despite his admission, were plainly after-thought, and were wholly without merit; such, for instance, as the effort to credit himself with the commission originally allowed by Decker, when

he was already credited with a larger commission, allowed by the plaintiff and the Continental Bank, in ignorance of the prior agreement. The learned counsel for the defendant very properly admitted upon the trial that "the efficacy of this prior agreement was destroyed by the subsequent agreement" with the plaintiff and the Continental Bank. The plaintiff might well have relied upon the pleadings upon this head, but he did, quite unnecessarily, furnish testimony in support of the admitted account; and that testimony, though subjected to criticism, in my judgment fully supports the averment.

No other points were presented calling for special consideration. The court might properly have tried the entire cause at one time, for the defendant was not entitled, as of course, to a jury trial upon the issues raised by the counter-claim and reply, such counter-claim being in an equity action. *Mackellar* v. *Rogers*, 109 N. Y. 468, 17 N. E. Rep. 350. But the defendant cannot now take advantage of the procedure which he induced the court to adopt. The plaintiff was the only one prejudiced by remitting the trial of the counter-claim to the circuit. He was thus seriously delayed in obtaining his rights, and we think the learned judge wisely exercised his discretion in refusing at the later trial substantially to reopen the earlier. The judgment, and all the orders appealed from, should be affirmed, with costs. All concur.