### HAYES et al. v. KERR et al.

(Superior Court of New York City, General Term. January 8, 1893.)

PRACTICE—TRANSFER OF CAUSE FROM EQUITY TO JURY CALENDAR.

A motion to strike a cause from the equity calendar and remand it to the jury calendar will be denied where the relief demanded by the complaint is equitable in its nature, as that certain deeds be declared fraudulent and void; that one of the defendants be adjudged liable to surrender possession of the premises to plaintiffs; that the other defendants, claiming under him, be forever barred; and that the premises be declared subject to plaintiffs' interests, and partitioned according to the respective rights of the parties; and, if there are some issues involved in the action as to which either of the parties may claim a trial by jury, such party must take the appropriate steps to have them settled and stated for trial accordingly.

Appeal from equity term.

Action by Emma Hayes and another against Leonard R. Kerr and others to have certain deeds declared fraudulent and void, and for a partition of the premises. From an order denying plaintiffs' motion to strike the cause from the equity calendar and remand it to the jury calendar, plaintiffs appeal. Affirmed.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

G. C. Comstock, for appellants.

S. G. Adams, for respondents.

FREEDMAN, J. This is an appeal from an order made at the equity term denying plaintiffs' motion to strike the cause from the calendar of the equity term and remand it to the jury calendar. The complaint demands judgment that certain deeds be declared fraudulent and void as against the plaintiffs; that one of the defendants be adjudged liable to surrender possession; that all others claiming under him be forever barred from all claim; that the premises be adjudged to be subject to the interests of the plaintiffs; that the premises be partitioned according to the respective rights of the parties, etc. The action is therefore for equitable relief, and such relief cannot be granted at a jury term. Watson v. Railway Co., 53 N. Y. Super. Ct. 137. If there are some issues involved in the action as to which the plaintiffs may claim a trial by jury, either as matter of right or in the discretion of the court, the plaintiffs must take the appropriate steps to have

them settled and stated for trial accordingly. See Mackellar v. Rogers, 52 N. Y. Super. Ct. 468, affirmed 109 N. Y. 468, 17 N. E. Rep. 350.

The order must be affirmed, with $10 costs and disbursements.