## HAYES *v.* KERR.

(New York Superior Court — General Term, January, 1893.)

A complaint demanding judgment that certain deeds be declared fraudulent and void as against plaintiffs; that one of the defendants be adjudged liable to surrender possession; that all others claiming under him be forever barred from all claim; that the premises be partitioned according to the respective rights of the parties, etc., is for equitable relief such as cannot be granted at a jury term. If there are issues involved as to which plaintiff may claim a trial by jury, he must have them settled and stated for trial accordingly.

APPEAL from order denying plaintiffs' motion to strike cause from equity calendar.

*Geo. Carleton Comstock*, for plaintiffs (appellants).

*Samuel G. Adams*, for defendants (respondents).

FREEDMAN, J.   This is an appeal from an order made at the equity term denying plaintiffs' motion to strike the cause from the calendar of the equity term and remand it to the jury calendar.   The complaint demands judgment that certain deeds be declared fraudulent and void as against the plaintiffs; that one of the defendants be adjudged liable to surrender possession; that all others claiming under him be forever barred from all claim; that the premises be adjudged to be

subject to the interests of the plaintiffs; that the premises be partitioned according to the respective rights of the parties, etc., etc. The action is, therefore, for equitable relief, and such relief cannot be granted at a jury term. *Watson* v. *Manhattan Railway Co.*, 53 N. Y. Super. Ct. 137. If there are some issues involved in the action as to which the plaintiffs may claim a trial by jury either as matter of right or in the discretion of the court, the plaintiffs must take the appropriate steps to have them settled and stated for trial accordingly. See *Mackellar* v. *Rogers*, 52 N. Y. Super. Ct. 468; 109 N. Y. 468.

The order must be affirmed, with ten dollars costs and disbursements.

GILDERSLEEVE, J., concurs.

Order affirmed.