ETTLINGER v. TRUSTEES OF SAILORS' SNUG HARBOR OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. December 20, 1907.)

JURY—RIGHT TO TRIAL BY JURY—EQUITABLE CAUSE OF ACTION—COUNTERCLAIM—STATUTORY PROVISIONS.

　　Code Civ. Proc. § 968, provides that in ejectment an issue of fact must be tried by jury. Section 970 provides that, where a party is entitled to a jury trial in an action not specified in section 968, he may, upon notice, apply to have the issues of fact stated for trial accordingly, and rule 31 of the general rules of practice requires that such application shall be made within 10 days after issue joined. Code Civ. Proc. § 971, provides that, where a party is not entitled as of right to a trial by jury, the court may, in its discretion, upon application, direct that issues of fact be tried by jury. Section 974 provides that, where defendant demands an affirmative judgment on a counterclaim, issues of fact shall be tried as though they arose in an action brought by defendant against plaintiff. Plaintiff sued to set aside an umpire's award with reference to the renewal of his lease on defendant's property. Defendant filed a counterclaim, asking possession of the premises and damages for the wrongful withholding thereof. After the issues were joined, plaintiff served notice of trial at Special Term, and put the case on the calendar. More than three months thereafter he served notice of motion for an order settling issues for trial by jury. Two of such issues arose upon

the counterclaim. *Held*, that plaintiff had lost his right to demand a jury trial as of right; and it was not an abuse of discretion to deny the motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 31, Jury, § 183.]

Appeal from Special Term.

Action by Samuel Ettlinger, as administrator with the will annexed of Netty Ettlinger, deceased, against trustees of the Sailors' Snug Harbor of the City of New York. From an order denying plaintiff's motion to settle certain issues for trial by jury, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Milton Mayer, for appellant.

Hawkins & Delafield (Lewis Delafield, of counsel, and Alfred Gregory, on the brief), for respondent.

CLARKE, J. The complaint alleges that on or about the 1st day of May, 1886, the defendant leased to one Lincoln a certain lot of land in the city of New York for the term of 21 years; that thereafter said Lincoln duly assigned said lease to plaintiff's decedent; that in said lease it was provided that, at the expiration of the term granted, if the said parties should agree upon a renewal thereof for the further term of 21 years, and should, by mutual consent, fix upon the annual ground rent to be reserved, the defendant would execute a new lease for the term of 21 years at the rent agreed upon, but if at the expiration of the first term the parties should not agree upon a renewal of the lease, or upon the amount of rent, each party should choose a disinterested person who should appraise the land demised, considering it as a vacant lot at its full and fair worth at private sale, and appraise the building on said lot at its then actual worth without reference to the ground on which it stands, and, in case said appraisers should differ in their valuation and appraisal, they should choose an umpire, whose decision, under oath, should be final; that plaintiff and defendant, being unable to agree upon the amount of the rent to be reserved on a renewal, entered into an agreement in writing under which they chose appraisers as provided for; that the said arbitrators could not and did not agree in their valuation, either of said lot or of the building thereon, and that thereupon the said arbitrators appointed an umpire; that on or about the 16th day of May, 1907, the said umpire announced that he had appraised the lot in question at $40,000 and the building thereon at $6,240; that the said award of said umpire was not made in a fair and impartial manner; that said umpire acted in an unfair, improper, and partial manner in certain particulars set forth, and valued the said lot at a grossly exorbitant figure, wherefore judgment was demanded that the award be vacated and declared to be null and void, and that plaintiff have judgment for the costs and disbursements of the action, and for such other and further relief as to the court may seem just.

The answer sets up the facts in regard to the making of the lease and the determination of the arbitrators and the report of the umpire,

and denies the allegations of misconduct and unfairness on the part of the umpire.  The answer by way of counterclaim, after setting up the facts in regard to the lease, its terms, as set up in the complaint, and the award, further alleges that the lease provided that the defendant should have the full liberty and choice either to pay to the lessee the value of said building so determined, or to grant a renewal of the lease for the term of 21 years from and after the expiration of the term granted, at an annual ground rent at 5 per cent. on the valuation of said lot so determined; that in case the lessor, at the expiration of the term granted by the lease, should elect and choose to pay unto the lessee the value of the building to be ascertained as aforesaid, and should actually make such payment or tender of the same, the lessee should then deliver up the premises demised to the lessor without fraud or delay; that the defendant duly elected to pay to the plaintiff the amount awarded as the value of the building, and duly tendered to the plaintiff the amount awarded as aforesaid, and demanded that possession of said demised premises be surrendered to it, but that the plaintiff refused to accept the amount so tendered, and refused to surrender possession, and has since wrongfully withheld possession thereof from the defendant, and prayed that the complaint be dismissed, and that a judgment be made awarding to it the possession of the premises, and that it recover from the plaintiff for the use and occupation of said premises, or damages for the withholding thereof since the 1st day of May, 1907.

The reply repeats the allegations of the complaint and demands judgment for the relief prayed for in the complaint.  Issue was joined on the 20th day of June, 1907, and thereafter, on the 27th day of August, 1907, plaintiff served a notice of trial upon the defendant, and on the 28th day of August said case was duly placed upon the calendar of the Special Term, Part 3, of this court.  On October 2d plaintiff served notice of motion returnable at Part 1, Special Term, on the 14th day of October, for an order settling the issues for trial by jury. Three of the proposed issues were those arising on his equitable cause of action and two upon the counterclaim.  Among said issues was:

"Fourth. Was the defendant entitled to the possession of said lot and building on the 31st day of May, 1907, or at any time subsequent thereto, and has the plaintiff wrongfully withheld from the defendant possession thereof?"

This motion was denied; and from the order entered thereon the plaintiff appeals.

The plaintiff claims that he was entitled to the relief prayed on the ground that the defendant has set up in counterclaim to his equitable cause of action an action in ejectment which is an action at law, and for the trial of the issues raised in said action in ejectment he is entitled as of right to a jury.

The plaintiff's complaint sets up a purely equitable cause of action to set aside an award for the improper conduct of the umpire.  If the defendant had been content to meet the issues by the denials in its answer, it is evident that the case would have been triable at Special Term, and neither party would have had the right to a jury trial.  If the plaintiff had not commenced his action, and the defendant had

commenced suit upon the cause of action set forth in its counterclaim, the present plaintiff would have been at liberty in answer thereto to have set up the matters here pleaded by way of reply. In that case there would be no doubt of his right to a trial by a jury because the cause of action set up in the counterclaim is in ejectment. But the plaintiff did not wait to be sued. He commenced his equitable action, and he recognized and asserted its character as an equitable action by serving notice of trial for the Special Term, and causing the cause to be put upon the calendar thereof.

The following are the provisions of the statute and rules invoked: Code Civ. Proc. § 968:

"In each of the following actions an issue of fact must be tried by a jury unless a jury trial is waived or a reference is directed. * * * (2) An action in ejectment. * * *"

Section 970:

"Where a party is entitled by the Constitution, or by express provision of law, to a trial by a jury of one or more issues of fact in an action not specified in section 968 of this act, he may apply, upon notice, to the court for an order directing all the questions arising upon those issues to be distinctly and plainly stated for trial accordingly. * * *"

Section 971:

"In an action where a party is not entitled, as of right, to a trial by a jury, the court may, in its discretion, upon the application of either party, or without application, direct that one or more issues of fact arising upon the issues be tried by a jury and may cause questions to be distinctly and plainly stated for trial accordingly. * * *"

Section 974:

"Where the defendant interposes a counterclaim and thereupon demands an affirmative judgment against the plaintiff, the mode of trial of an issue of fact arising thereupon is the same as if it arose in an action brought by the defendant against the plaintiff for the cause of action stated in the counterclaim and demanding the same judgment."

Rule 31 of the general rules of practice provides that:

"In cases where the trial of issues of fact is not provided for by the Code, if either party shall desire a trial by jury, such party shall within ten days after issue joined, give notice of the actual motion to be made upon the pleadings that the whole issue, or any specific question of fact contained therein, be tried by a jury. * * *"

In the cases which have considered these provisions, where a common-law action has been presented by a counterclaim, the demand for a jury trial has usually been made by the defendant who interjected the common-law cause of action. Here the defendant is content to try the issue raised by it in the forum selected by the plaintiff; and it is the plaintiff who, after ratifying his choice of the forum by notice of trial and note of issue, moves for a change and demands it as matter of right.

The controversy in this case, the cause of action set up in the complaint and in the counterclaim, is founded upon the same transaction, viz., the lease and the award by the umpire. The plaintiff asserts that that award is invalid, the defendant that it is valid, and upon the settlement of that question the appropriate remedy will follow. There is

in reality but one issue—the validity of the award. There could be no dispute about the terms of the lease, and there is none that an award was made, a tender, and a continuance in possession. In considering section 974 of the Code of Civil Procedure, Judge Danforth, in Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 351, said:

"The conditions upon which the right depends exist, * * * but that right is not absolute or unqualified. It is relative and limited, and, in the words of the heading of section 974, 'within' certain 'foregoing sections' only is 'a counterclaim to be deemed an action.' * * * It is to be conceded that the mode of trial of the issue tendered by his counterclaim might be the same if it had arisen in an action. But a counterclaim in an equity suit is not a case where a right to a jury trial existed at common law. Chapman v. Robertson, 6 Paige, 627, 31 Am. Dec. 264; Jennings v. Webster, 8 Paige, 503, 35 Am. Dec. 722. It is not secured by the Constitution. It is not to be had as of course, for the action is not within section 970 of the Code, the complaint demanding judgment other than for a sum of money. It is conferred by statute (section 974); and so is within section 970, which requires an application upon notice to the court for an order directing the questions arising upon the issues to be stated for trial."

That was a case in which the defendant was demanding a jury trial of the counterclaim interposed by him. The court proceeded:

"Moreover, the right given by section 974 attached when by reply the issue was joined upon the allegations of the answer. The subsequent step taken by the defendant in noticing the issues so joined for trial at a court of which a jury forms no part was inconsistent with any intent to take advantage of the right to a jury trial. That right could be waived, and by this notice the defendant must be held to have consented to a trial before the court without a jury."

In Arnot v. Nevins, 44 App. Div. 61, 60 N. Y. Supp. 401, the defendants interposed a counterclaim in an equitable action, and, after the case had been noticed for and put upon the Special Term calendar, defendants moved to frame issues for a jury trial. The motion was denied below on the ground that it was made too late. Mr. Justice Ingraham, after citing Mackellar v. Rogers, supra, and Smith v. Fleischman, 23 App. Div. 359, 48 N. Y. Supp. 324, and rule 31, supra, said:

"It would seem that this rule applied. The trial of the issues of fact in this action is not provided for in the Code. Provision is therein made for an application upon notice that the issues of fact arising out of the counterclaim may be tried by a jury where such trial would be allowed in a cause of action brought by the defendant against the plaintiff for a cause of action stated in the counterclaim; but to claim such a trial when such a counterclaim is interposed in an equitable action the motion must be made under section 970 of the Code, and such a motion under rule 31 must be made within 10 days after issue is joined. By not making the motion within 10 days the appellant lost the right to have the issues sent to a jury for trial."

It seems to me that those two cases furnish a complete answer to the appellant's contention. He chose his own forum in the first instance by commencing an equitable action. After the issues were joined, he served notice for trial at Special Term, and put the case on the calendar. He waited from the 20th of June until the 2d of October before making his motion. He had lost his right to demand a jury trial as of right; and, while as matter of discretion the court below might have

granted the motion, it was not an abuse of discretion, under the circumstances of this case, to deny it.

The order appealed from should therefore be affirmed, with $10 costs and disbursements to the respondent.   All concur.