KILLEEN v. KIERNAN et al.

(Supreme Court, Special Term, New York County. July, 1911.)

1. JURY (§ 13*)—RIGHT TO TRIAL BY JURY—ACTION IN EQUITY.

The plaintiff, having joined both defendants in an action in equity, has no right to a jury trial, though she might have proceeded against one of them at law and obtained the same relief.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35–83; Dec. Dig. § 13.*]

2. JURY (§ 25*)—RIGHT TO TRIAL BY JURY—ISSUES ON COUNTERCLAIM.

In an action in equity, if the plaintiff had a right to demand a jury trial of issues tendered by a counterclaim, it was lost by failure to apply for the framing of the issues within the time required by General Rules of Practice, rule 31, after issue was joined.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 154–173; Dec. Dig. § 25.*]

Action by Nora Curtis Killeen against Bernard F. J. Kiernan and another. Heard on motion to settle the issues in the action for trial by jury. Motion denied.

James A. Donnelly, for the motion.
John H. McCrahon, opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J.   [1] The plaintiff, having joined both defendants in an action in equity, has chosen his forum and has no right to a jury trial. Davison v. Associates of the Jersey Company, 71 N. Y. 333; Ettlinger v. Trustees of Sailors' Snug Harbor, 122 App. Div. 681, 107 N. Y. Supp. 779. It is immaterial that she might have proceeded against one of them at law and obtained the same relief which she seeks in this action. If this could have been done, the fact remains that the plaintiff has not chosen to do it, but has elected to come into a court of equity, thereby waiving any right that she might otherwise have had to a jury trial of the issues tendered by her complaint. Cogswell v. N. Y., N. H. & H. R. R., 105 N. Y. 319, 11 N. E. 518.

[2] If the plaintiff had any right to demand a jury trial of the issues tendered by the counterclaim, it was lost by failure to apply for the framing of such issues within the time required by rule 31 of the General Rules of Practice after issue was joined. Arnot v. Nevins, 44 App. Div. 61, 60 N. Y. Supp. 401; Ettlinger v. Trustees of Sailors' Snug Harbor, supra; Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350; Bennett v. Edison Electric Ill. Co., 164 N. Y. 131, 58 N. E. 7.

The plaintiff claims that as to the issues arising upon the counterclaim she is entitled as a matter of right to have a jury trial, and consequently that the provisions of rule 31 do not apply. Reliance is placed upon Herb v. Metropolitan Hospital, 80 App. Div. 145, 151, 80 N. Y. Supp. 552, 555, to support these propositions; but what was said by the two judges who committed themselves to anything on these points in that case shows in what vital respects the facts differ in the two cases. There it was said:

"It is proper and perhaps necessary that the issues arising on the counterclaim and triable by a jury should be settled where there are issues of fact arising on the complaint as well; but here it will be observed that the only issues are those arising on the counterclaim and the reply thereto. I see no reason, therefore, why these issues may not be noticed for trial at the Trial Term without their being settled. There being no other issues to try, no confusion can arise from such practice. Upon the verdict of the jury and the pleadings a motion could then be made for judgment under section 1225 of the Code. The question has generally arisen where material allegations of the complaint were put in issue, and this precise question seems to be without precedent."

In the present case material allegations of the complaint are put in issue, and the precise question presented has been passed upon frequently and adversely to the plaintiff's contention. See cases supra. Of course the foregoing considerations would not prevent the granting of the application as a matter of discretion if a case were made out for the exercise of such discretion. This is not done, however, and the application should therefore be denied.

Motion denied, with $10 costs.