Manhattan Life Insurance Company, Plaintiff, *v.* Hammerstein Opera Company et al., Defendants.

(Supreme Court, New York Special Term, December, 1917.)

Trial — in foreclosure action — pleading — actions.
Motions and orders — when motion to frame issues denied — default — General Rules of Practice, rule 31.

Though the answer in a foreclosure action pleads counterclaims which if defendant had brought actions thereon would have been triable as matter of right by a jury, it is not entitled to such a trial in the foreclosure action.

Where defendant's motion to frame for a jury trial the issues raised by its counterclaim and the reply thereto was not made within twenty days after the joinder of issue, as required by rule 31 of the General Rules of Practice, and sufficient reason is not shown for overlooking the default, the motion will be denied in the discretion of the court.

MOTION to frame for a jury trial the issues raised by the defendant Hammerstein Opera Company's counterclaim and the reply thereto by the plaintiff.

Seabury, Massey & Lowe, for defendant and motion.

Kelly & Hewitt, for plaintiff, opposed.

GIEGERICH, J.   The defendant Hammerstein Opera Company moves for an order to frame for a jury trial the issues raised by its counterclaim and reply thereto by the plaintiff. The action is brought to foreclose a mortgage, and some of the material allegations of the complaint are denied, and in addition the answer contains counterclaims which would have been triable as a matter of right by a jury, if brought as actions by the said defendant against the plaintiff. But this fact does not, as of right, entitle the defendant so counterclaiming to have a jury trial of the issues of his counterclaim. *Mackellar* v. *Rogers,* 109 N. Y. 468; *Ettlinger* v. *Sailors' Snug Harbor,* 122 App. Div. 681. The facts in *Mackellar* v. *Rogers, supra,* were very close in their resemblance to the facts in the present case. That action, like this, was to foreclose a mortgage, and there, as here, a counterclaim was set up demanding a money judgment. In that case the money judgment was for money due and also for damages for breach of contract. In this case the money judgment demanded in one of the counterclaims is for damages for the plaintiff's false representations in selling certain real estate to the counterclaiming defendant. In both cases the counterclaims are of such character that the defendants would have been entitled, as a matter of right, to jury trials if they had sought to enforce their claims as plaintiffs instead of as defendants. I am therefore unable to distinguish the *Mackellar* case

39

from the present case upon the facts. In that case
the court said on the defendant's application at Special
Term for the framing of issues, that: " To grant or
refuse such request was clearly a matter of discre-
tion," and further on the court (at p. 471) said: " The
appellant's contention rests upon section nine hundred
and seventy-four (§ 974) of the Code of Civil Pro-
cedure, which provides that ' where the defendant
interposes a counterclaim, and thereupon demands an
affirmative judgment against the plaintiff, the mode of
trial of an issue of fact arising thereupon is the same
as if it arose in an action brought by the defendant
against the plaintiff for the cause of action stated in
the counterclaim, and demanding the same judgment.'
The conditions upon which the right depends exist in
favor of the defendant, but that right is not absolute
or unqualified; it is relative and limited, and, in the
words of the heading of section 974, ' within ' certain
' foregoing sections ' only is ' a counterclaim to be
deemed an action.' We find nothing there which
required a court to sanction the course pursued by the
defendant. If tolerated, it would enable a person sued
to postpone and delay the plaintiff in the prosecution
of a just cause until at a convenient time and before
another tribunal he had presented a cause of action
subsequently brought into court, and the determination
of which has no necessary connection with the plain-
tiff's demand in suit. It would, moreover, permit him
to do this after selecting a different court for the trial
of his issue, and evade that trial at the moment it was
to commence by the expression of his mere wish to go
into a different forum, thus putting his adversary at
defiance and interrupting the court in the transaction
of business which he himself had in a formal manner
brought before it." This being a case, therefore,
where the moving party is not entitled as of right to

the jury trial sought, but a case where the granting or refusing of the application for the framing of issues is a matter of discretion with the court, and the defendant having failed to make its application within twenty days after issue joined, as required by rule 31 of the General Rules of Practice, and having also failed to show any sufficient reason for overlooking its default under that rule, the motion must be denied, with ten dollars costs.

Motion denied, with costs.