MANHATTAN LIFE INSURANCE COMPANY, Respondent, *v.* HAMMERSTEIN OPERA COMPANY, Appellant, Impleaded with the MUTUAL BANK and Others, Defendants.

First Department, July 11, 1918.

Trial — right of defendant in suit to foreclose a mortgage on real estate to trial by jury of issues raised by counterclaims — election of remedies — jurisdiction of court of equity to grant full relief.

A counterclaim in an equitable action was unknown at common law and, therefore, the issues raised thereby are not within the constitutional provision as to trial by jury.

A defendant in a suit in equity for the foreclosure of a mortgage, a lien upon real estate, who has a counterclaim stating causes of action at law may bring an action at law thereon in which case he has an absolute right to a trial by jury of the issues of fact, but if he sets up his cause of action by way of counterclaim in the suit in equity his right to a trial by jury will rest in the discretion of the court and his motion therefor, not made within twenty days of the joinder of issue as required by rule 31 of the General Rules of Practice, may be denied.

The defendant, having elected to plead his cause of action by way of counterclaim, cannot assert that he has a right to a jury trial.

A court of equity, having assumed jurisdiction, will grant full relief whether the same be legal or equitable.

APPEAL by the defendant, Hammerstein Opera Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 20th day of February, 1918, upon the decision of the court after a trial at the New York Special Term, with notice of an intention to bring up for review an order entered in said clerk's office on the 5th day of December, 1917, denying defendant's motion for a jury trial of the issues raised by its counterclaim.

The judgment appealed from decreed foreclosure of a mortgage and the sale of the mortgaged property.

*Albert Massey* of counsel [*Seabury, Massey & Lowe,* attorneys], for the appellant.

*James A. O'Gorman* of counsel [*D. Theodore Kelly* with him on the brief; *Henry W. Kennedy,* attorney], for the respondent.

PAGE, J.:

The sole question presented on this appeal relates to the order denying defendant's motion for a jury trial of the issues raised by the counterclaims and the reply, in an equity action for foreclosure of a mortgage, a lien upon real estate. The learned justice at Special Term denied the motion for the reason that the motion was not made within twenty days of the joinder of issue, as required by rule 31 of the General Rules of Practice. (101 Misc. Rep. 608.) The appellant claims that this rule has been declared unconstitutional, and that, his counterclaim stating causes of action at law, he is entitled to a jury trial of the issues raised by the reply to the allegations thereof. It is true that the Court of Appeals held that in an action for a divorce, in which the parties had a right to a trial by jury on the issue of adultery prior to 1846, that right could only be waived as prescribed by section 1009 of the Code of Civil Procedure, and that the additional ground for waiver stated by rule 31 was, as to such an action, unconstitutional and

void.  (*Moot* v. *Moot*, 214 N. Y. 204.)   The instant action
is in equity for the foreclosure of a mortgage lien upon real
estate.   In such an action there never was a constitutional
right to a trial by jury of the issues.   A counterclaim in an
equitable action was unknown at the common law, and,
therefore, the issues raised thereby are not within the con-
stitutional provision.  (*Mackellar* v. *Rogers*, 109 N. Y. 468,
472; *Teeter* v. *Daniel*, 164 App. Div. 884.)   The Code pro-
cedure permits of the interposition of a legal counterclaim
in an equitable action.   Thus the defendant has a choice of
remedies.   He may bring an action at law on his counterclaim,
in which case he would have an absolute right to a trial by
jury of the issues of fact; or, he may set up his cause of action
by way of a counterclaim in the equity action, in which his
right to a trial by jury will rest in the discretion of the court.
This defendant elected to pursue the latter course; and having
made his election, he cannot now claim that he has a right
to a jury trial.   It was never contemplated that by interposing
a counterclaim the defendant could divest the court of equity
of jurisdiction of any part of the suit properly commenced
therein, and delay the plaintiff in the prosecution of his
equitable remedy until plaintiff could have his action at law
tried.   A court of equity, having assumed jurisdiction, will
grant full relief, whether the same be legal or equitable.

The judgment and order appealed from will, therefore, be
affirmed, with costs.

DOWLING, LAUGHLIN and MERRELL, JJ., concurred; SMITH,
J., concurred in result.

Judgment affirmed, with costs.