RIDDLE v. MacFADDEN et al.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

1. ACTION—JOINDER OF CAUSES.

A complaint alleged that one of the defendants, who was a photographer, after having been paid to take plaintiff's photograph, used it without plaintiff's consent, to advertise a book. Other paragraphs made the same allegations as to the other defendant, except that he was alleged to be the author of the book. It was further alleged that the portrait was so used by the defendants, "acting jointly, and was so published by them jointly," in a certain magazine. The relief asked was damages, injunction, and an order to deliver up woodcuts, etc. *Held* to set forth but one cause of action, and that against both defendants.

2. SAME—LEGAL AND EQUITABLE CAUSES.

Under Code Civ. Proc. § 484, allowing a joinder of causes of action growing out of the same transaction, an equitable cause of action authorizing injunction restraining defendants from the further improper use of plaintiff's photograph for advertising purposes, and a legal cause of action for damages sustained by such improper use by the same defendants, may be properly united.

Appeal from Special Term, New York County.

Action by Felicite Skiff Riddle against Bernard A. MacFadden and another. From an interlocutory judgment sustaining demurrers to the

complaint, plaintiff appeals. Reversed, with leave to each defendant to answer.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Rufus L. Weaver, for appellant.
William Ball Wait, for respondent White.
Charles P. Rogers, for respondent MacFadden.

McLAUGHLIN, J. Each defendant demurred to the complaint on the ground that causes of action were improperly united. The court at Special Term so held, and plaintiff appeals from the interlocutory judgment.

The complaint charges, in substance, that the defendant MacFadden, at the time stated, was doing business under the name of "Physical Culture Publishing Company," and was the owner and publisher of certain magazines named; that the defendant White was, during such times, a photographer, and that plaintiff procured him to take her photograph, for which she paid him a stipulated price, it being agreed between them that such portrait and all copies of it were to be exclusively for plaintiff's use. Then come the following allegations:

"(4) That from or about the month of February, 1905, the defendant White has used and is using said portrait or picture of plaintiff—a living person—within the state of New York and elsewhere, for advertising purposes, and for the purposes of trade in advertising a book entitled "New Hair Culture," and to procure or increase the sale of said book.

"(5) That defendant White used said picture as aforesaid without first obtaining the consent, written or otherwise, of the plaintiff; that defendant White knowingly used said portrait or picture in the manner as aforesaid, without plaintiff's consent or knowledge, and continued its use against plaintiff's protest, and so used it in such manner as is forbidden or declared to be unlawful by chapter 132 of the Laws of 1903 (Laws 1903, p. 308) of the state of New York."

The sixth and seventh paragraphs of the complaint are precisely like the fourth and fifth just quoted, except that MacFadden, whose name is substituted for that of White, is alleged to be the author of the book referred to. The eighth paragraph is as follows:

"That said portrait or picture of plaintiff was so used by the defendants as heretofore alleged, acting jointly, and was so published by them jointly in the state of New York and elsewhere in periodicals known as 'Physical Culture' and 'Beauty and Health,' and in other magazines and publications which were by them sent or caused to be sent broadcast over the state of New York, the United States, and foreign countries."

The ninth and tenth paragraphs are to the effect that the picture of the plaintiff was "thus used by defendants to deceive the public" by representing that plaintiff had treated her hair as therein directed; that the use made by defendants of the portrait had annoyed the plaintiff and caused her great bodily and mental anguish, held her up to contempt, and by reason thereof she had suffered in her good name and reputation to her damage of $15,000. The judgment demanded is that the defendants and each of them be restrained and enjoined from publishing, displaying, or otherwise using plaintiff's portrait for advertis-

ing purposes or for purposes of trade in any publication; that they be directed to deliver up all woodcuts, electrotypes, negatives, or other apparatus for making copies of such picture; and that plaintiff have judgment for the damages sustained.

I am of the opinion that the complaint sets forth but one cause of action, and that against both defendants. The acts of which plaintiff complains are joint, and not individual, atcs of the defendants. It is true that some of the acts of which she complains are set out twice, once against each defendant, but these acts are thereafter alleged to be the acts of both. Otherwise, there is no meaning to the allegation contained in the eighth paragraph of the complaint, which is "that said portrait or picture of plaintiff was so used by the defendants as heretofore alleged, acting jointly, and was so published by them jointly. * * * " This allegation is that the act of each was also the act of the other, or, in other words, that they were acting together. The purpose of a demurrer, upon the ground that causes of action have been improperly united, is to compel a plaintiff to elect upon which he will proceed to trial. Here a cause of action is not alleged against MacFadden, nor is there a cause of action alleged against White, but there is one cause of action alleged, and that is against both of them; hence there can be no election.

It is also claimed that causes of action have been improperly united, in that equitable and legal relief are both prayed for. But equitable causes of action may be united with legal, if both arise out of the same transaction. Section 484, Code Civ. Proc.; Carter v. De Camp, 40 Hun, 259. Plaintiff's claim to both kinds of relief grows out of the same transaction; that is, the alleged wrongful and unlawful acts of the defendants.

The interlocutory judgment, therefore, should be reversed, with costs, the demurrers overruled with costs, with leave to each defendant to withdraw his demurrer and answer within 20 days, on payment of the costs in this court and in the court below. All concur.