### WILCOX v. WILCOX.

(Supreme Court, Appellate Division, First Department. December 21, 1906.)

1. DIVORCE—TRIAL—ISSUES—SUBMISSION TO JURY.
    In an action for divorce for adultery, defendant, having put the act of adultery in issue by answer, was entitled, at her election, to a jury trial of such issue, under the express provisions of Code Civ. Proc. § 1757.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, § 484.]

2. SAME—WAIVER.
    Such right was not waived by defendant noticing the cause for trial at Special Term, after plaintiff had filed a similar notice.

3. SAME.
    The trial of an issue of adultery by a jury in a suit for divorce having been expressly authorized by Code Civ. Proc. § 1757, the trial of such issue was not governed by general practice rule 31, providing that in cases where trial of issues of fact are not provided for by the Code, if either party shall desire a trial by jury, he shall within 10 days after issue joined give notice of a special motion that the whole issue or any specific questions of fact involved therein be tried to a jury.

4. SAME—INSANITY.
    Where, in an action for divorce for adultery, defendant denied the adulterous acts and pleaded that she was insane at the time, and demanded a trial by jury of the issue of adultery, she was not also entitled to a jury trial of the issue of insanity, which should be determined by the court after the rendition of the verdict on the issue of adultery.

Appeal from Special Term, New York County.

Action by Frederick P. Wilcox against Kathchen N. Wilcox. From an order directing that certain issues be tried by a jury, plaintiff appeals. Modified and affirmed.

Argued before McLAUGHLIN, PATTERSON, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Albert W. Ransom, for appellant.
Frank A. Butler, for respondent.

McLAUGHLIN, J.   This action is brought to procure a judgment of divorce on statutory grounds.   The answer denies the adultery alleged, and sets up as a separate and distinct defense that at the time of the commission of the alleged acts of adultery, and for some time prior and subsequent thereto, the defendant was insane, and by reason thereof incapable of knowing the nature or quality of acts committed by her.   After issue had been joined, the plaintiff noticed the cause for trial at Special Term, and defendant then served a counter notice. The case was reached in its regular order upon the day calendar for trial at the June term, and then adjourned until the October term, pending the return of a commission to take testimony issued at the instance of the defendant.   Before the cause was again reached for trial, the defendant made a motion to frame issues for trial, and an order was entered directing that the question of defendant's adultery and her insanity be sent to a jury for trial.   It is from this order the plaintiff appeals.

The act of adultery having been put in issue by the answer, the defendant had a right, if she so desired, to have that question determined by a jury.   The Code so provides.   Section 1757, Code Civ. Proc.   But it is said the defendant waived this right by noticing the cause for trial at Special Term.   This does not follow.   The only thing which the defendant did, after the plaintiff had served a notice for trial at Special Term, was to serve a similar notice.   This did not prevent her insisting, before the cause had been actually moved for trial, that the issue of adultery be sent to a jury.   She had done nothing which could in any way be considered as having given up or waived this right.   The sending of this issue to a jury still leaves the trial at Special Term.   After the issue of adultery has been determined, and the finding of the jury thereon been submitted to the Special Term, the other issues will then, if necessary, be disposed of by the trial of the action.

Rule 31 of the general rules of practice does not apply.   Gonderman v. Gonderman, 44 Hun, 181.   This rule provides that in cases where trial of issues of fact are not provided for by the Code, if either party shall desire a trial by jury, such party shall, within ten days after issue joined, give notice of a special motion, to be made upon the pleadings, that the whole issue, or any specific questions of fact involved therein, be tried by jury.   But the trial of the issue of adultery is provided for by the section of the Code above cited.

I do not think, however, that the defendant is entitled to have the issue as to insanity submitted to a jury.   There is no statute giving her such right, and the practice of submitting any other question than that of adultery was condemned by this court in Bush v. Bush, 103 App. Div. 588, 93 N. Y. Supp. 159.   This is an issue to be determined by the court, if necessary, after the rendition of the verdict upon the issue of adultery.

The order appealed from, therefore, should be modified, by striking out that portion of it designated "Third," and, as so modified, affirmed, without costs to either party.   All concur.