(120 App. Div. 467)

RHODES v. SPERRY & HUTCHINSON CO.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

1. INJUNCTION—SUBJECTS OF PROTECTION—PERSONAL PRIVACY.

Where a defendant, to advertise photographs furnished in exchange for its trading stamps, displayed samples, including photographs of plaintiff, whether the photographer had exhibited photographs of plaintiff in defendant's shop or had made a contract with defendant whereby he was allowed to display photographs there cannot affect defendant's liability for the unauthorized use of plaintiff's photographs in an action for injunction and damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, § 167.]

2. DAMAGES—EXCESSIVE DAMAGES—PERSONAL PRIVACY.

Where photographs of plaintiff were displayed by a trading stamp company in its office, where it displayed numerous specimens of work of the photographer and others with whom it had arrangements to do work for collectors of trading stamps, a verdict for $1,000 damages is not excessive.

Appeal from Special Term, Kings County.

Action by Aida T. Rhodes against the Sperry & Hutchinson Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

John Hall Jones, for appellant.
Thomas E. O'Brien, for respondent.

JENKS, J. This action is brought under chapter 132, p. 308, Laws 1903, entitled "An act to prevent the unauthorized use of the name or picture of any person for the purposes of trade." In June, 1904, the plaintiff sat in various poses for her photograph to Mr. Young. She accepted and paid for some of them. In November, 1904, Mr. Young made a contract with the defendant, whereby he agreed to take photographs for collectors of the defendant's trading stamps. The defendant, who was a promoter of this scheme of trade, kept an office in West Twenty-Third street, in the borough of Manhattan, whereat it displayed specimens of the work of the various tradesmen who were associated with this scheme. There was a wall case and a counter showcase in the office, and therein were displayed various photographs, the work of Mr. Young, with a placard of his calling and place of business. There were about 40 photographs furnished by Mr. Young. Among them were several photographs of the plaintiff—one in the wall case, and two in the showcase. This office was visited daily by many people. The plaintiff never consented in writing or otherwise to this exhibition. The plaintiff gained an interlocutory judgment after trial at Special Term which was affirmed by us. 114 App. Div. 920, 100 N. Y. Supp. 1140. The question of damages was

thereafter tried before a jury, who returned a verdict of $1,000. This appeal is from the final judgment enjoining the defendant from use of the photographs for trade or advertisement, and awarding such damages.

The appellant contends (1) that there is no evidence that the photographs were exhibited by the defendant for any purpose; (2) that there were errors in the rulings of the court; (3) that the damages are excessive; and (4) that the statute is unconstitutional. The first and fourth propositions were specifically presented upon the former appeal, and I need not consider them. There remain, then, for consideration the contentions (1) that the court erred in its rulings; and (2) that the damages are excessive.

1. Three rulings are criticized: (a) The court refused to permit a question to Mr. Young whether he had exhibited the photograph in the shop of the defendant. The Special Term, whose judgment we affirmed ut supra, found that the defendant was using, displaying the pictures or photographs of the plaintiff for advertising purposes. Whether Mr. Young in his opinion had made the exhibition did not materially affect the act of the defendant or its liability therefor. (b) The court refused under objection to permit the question whether Mr. Young made a contract with the defendant whereby he was allowed to display his pictures. Whether or not there was a contract between Mr. Young and the defendant could not qualify the defendant's own act in its relation to the plaintiff. And, moreover, the evidence is that the defendant had issued 3,000 orders on Mr. Young which were in a large measure due to this exhibition in the office of the defendant. Further, the defendant was permitted to show that Mr. Young caused the photograph to be put in the frame and that his servant hung them in the defendant's shop. (c) As to the third question, it suffices that the answer is upon the record with full force.

2. It seems to me, however, that the damages are excessive. The learned court charged the jury that they could give exemplary damages; and, as there is no indication to the contrary in the verdict, I cannot say that the verdict does not embrace both kinds of damages. It is true that in actions of willful tort damages may be awarded for mental distress, humiliation, and the mortification alone. Preiser v. Wielandt, 48 App. Div. 569, 62 N. Y. Supp. 890; Smith v. Leo, 92 Hun, 242, 36 N. Y. Supp. 949. The plaintiff has testified that this act complained of "humiliated" her, "made her nervous" and "upset her," and such testimony might naturally be credited by a jury. And the circumstances are somewhat different from a display by a photographer in his own show window. For these photographs, though shown as specimens of a photographer's art, were exhibited in the promotion of a catch-penny scheme, somewhat in the nature of giving a customer more than the same money would obtain at ordinary purchase. That difference may be illustrated by a bit of testimony in the case. The plaintiff testifies that a woman relative (evidently "a candid friend") came to her, "kind of laughed satirically, and she said, 'I saw your picture in Sperry's trading-stamp store; that is very funny.'" On the other hand, the act complained of in no way re-

flected upon the character or reputation of the plaintiff, as would a slander or libel, or personally humiliated her in the presence of others. It does not appear that her picture was associated with other pictures which were objectionable because of the appearance thereof or of the character or standing of the subjects. And the plaintiff is quick to admit that neither her reputation nor social standing has been affected in the slightest degree. I am justified in the conclusion that the measure of compensation for the injury need not be very large. Exemplary damages are expressly afforded by the statute if the defendant shall have "knowingly used" the portrait or picture. Obviously "knowingly" means if the offender knows that the portrait or picture is that of a living person. No question was raised as to this feature of the statute, and the evidence is clear enough that the defendant made the display after he had been informed that the picture was that of a living person. The offense, though within the purview of the statute, is not as flagrant as if the defendant had knowingly displayed the picture to exploit a brand of cigars, or an article of dress or some food product, so that the picture as part of a distinctive label might be distributed broadcast for display in all sorts of public places or shops. The defendant might well have supposed that, as displays of photographs in photographers' showcases were usual, there would be no objection to this display, without the nicety to draw a distinction against its own calling that others might naturally see. So that really the main offending which called for the imposition of exemplary damages was in the continuance of the display after the husband of the plaintiff remonstrated with it. That course was not in defiance, for the plaintiff's husband and another witness testify that the defendant's manager expressed his regret, and promised to notify Mr. Young immediately to replace the pictures with others. There is some evidence that the defendant intended or sought to comply with the request. The object of exemplary damages is not to compensate the plaintiff, but rather to punish the defendant and to deter him and others from like acts. Hamilton v. Third Avenue R. R. Co., 53 N. Y. 25.

Considering, then, both elements of damage as embraced in the verdict, I think that full justice will be meted out if the damages are reduced to $300. My Brethern do not concur in my views as to a reduction, and therefore the order and judgment are affirmed, with costs.