### TIETZEL v. TIETZEL.

(Supreme Court, Appellate Division, Second Department. December 23, 1907.)

JURY—RIGHT TO JURY TRIAL—DIVORCE—STATUTORY PROVISIONS—WAIVER.

Though an action for divorce is a suit in equity, Code Civ. Proc. § 1757, provides that if the answer puts in issue an allegation of adultery the court must, on the application of either party, make an order directing the trial of that issue by a jury. *Held*, that the right to a jury trial is not waived by consent of defendant to the filing of a note of issue for the Special Term; for, in the absence of demand for jury trial on that issue, the case could not be properly noticed for the Jury Trial Term, nor placed on the circuit calendar, and denial of a motion to direct the issue to be tried by a jury is error, especially in the absence of indication of any purpose to improperly delay the trial.

Appeal from Special Term, Kings County.

Action by Henry H. H. Tietzel against Viola T. Tietzel for a divorce. From an order denying a motion to direct the trial of the issue of adultery to a jury, defendant appeals. Reversed, and motion granted.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

Thomas C. Whitlock, for appellant.

Charles M. Stafford, for respondent.

WOODWARD, J. This is an action for divorce. The charge of adultery is contained in the third paragraph of the complaint. The answer denies each and every allegation contained in that paragraph. The question of the defendant's adultery, therefore, was the only issue presented by the pleadings. The defendant noticed the case for trial in the Kings County Special Term beginning on the first Monday of June, 1907. The plaintiff's attorney inadvertently neglected to file a note of issue for that term in due time, whereupon the defendant's attorney signed the consent upon which the court ordered the clerk to accept plaintiff's note of issue and place the case upon the calendar. Thereafter, and apparently before the case was ever called at Special Term for trial, the defendant in October, 1907, applied to the court for an order directing that the issue of adultery be tried by a jury. This motion was denied, on the ground that the defendant, by noticing the case for trial at Special Term and thereby consenting that it be tried in that branch of the court, had waived her right to a jury trial under section 1757 of the Code of Civil Procedure.

We think this view was erroneous. A suit for divorce under our statute is a suit in equity. Lowenthal v. Lowenthal, 157 N. Y. 236, 243, 51 N. E. 995. In many divorce suits, where affirmative defenses

are set up in the answer, issues other than that of adultery may be presented as to which the right of trial by jury does not exist. The defense of condonation is an example. Notwithstanding the fact, however, that an action for divorce is an equity suit, the statute entitles either party to have the issue of adultery tried by a jury. "If the answer puts in issue the allegation of adultery, the court must, upon the application of either party, or it may, of its own motion, make an order directing the trial, by a jury, of that issue; for which purpose the questions to be tried must be prepared and settled, as prescribed in section 970 of this act." Code Civ. Proc. § 1757. The proper procedure, as we understand it, in an action of this character, is to place the case upon the Special Term calendar, and then, if either party so desires, to make an application for a jury trial under section 1757, whereupon it becomes the duty of the court to cause the question of fact arising upon the allegation of denial of adultery to be distinctly and plainly stated for trial before a jury under section 970 of the Code.

The right to a jury trial of this issue should not be deemed to have been waived by noticing the case for trial at Special Term or consenting that a note of issue be filed in that branch of the court. The Special Term is the proper place for the trial of equity suits generally. Unless and until a demand had been made for a jury trial of the issue of adultery, the case could not be properly noticed for a Jury Trial Term or placed upon the circuit calendar. In other words, a divorce suit has no place at circuit, in the absence of an order framing issues. There is nothing in the law, nor in the practice which has hitherto prevailed, which compels either party to elect, in advance of putting the case on the Special Term calendar, whether he will insist upon his right to a jury trial or not. We have not been referred to any decision holding that a party to a divorce action has waived his right to a jury trial by noticing the case for Special Term. The only Court of Appeals decision which we have found wherein the doctrine of waiver was applied against a party because he had noticed his case for trial at Special Term arose under a section of the Code which did not give an absolute or unqualified right to a trial by jury (Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350); and there the demand for a trial by jury which arose upon the counterclaim was not made until the cause was actually reached for trial. The circumstances there presented were so different from those in the present suit that we do not regard it as controlling authority. There is nothing to indicate that the application in the present case was postponed for the purpose of improperly delaying the plaintiff in the prosecution of the action; and we find ourselves unable to concur in the view that the proceedings of the defendant constituted a waiver of his statutory right to a trial by jury.

The order appealed from should be reversed, with costs, and the motion granted. All concur.