(64 Misc. Rep. 122.)

## HAFF v. HAFF.

(Supreme Court, Special Term, New York County. July 6, 1909.)

1. DIVORCE (§ 144*)—TRIAL—ISSUES—SUBMISSION TO JURY.

Code Civ. Proc. § 970, and Gen. Prac. Rule 31, requiring notice of motion to frame issues for a jury to be made within 10 days after issue joined, do not apply to an action for divorce.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 144.*]

2. TRIAL (§ 370*)—TRIAL BY JURY—WAIVER—NOTICE OF TRIAL—SPECIAL TERM.

Noticing a cause for trial at Special Term does not constitute a waiver of the party's right to have issues framed for trial by jury.

[Ed. Note.—For other cases, see Trial, Dec. Dig. § 370.*]

3. DIVORCE (§ 144*)—WAIVER.

Where defendant in a suit for separation filed a counterclaim for absolute divorce and applied for a preference, to which he was entitled as of right, plaintiff, by failure to oppose the preference and by asking that trial be deferred until a particular trial day, did not waive her right to have issues framed for trial by jury.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 144.*]

4. DIVORCE (§ 144*)—SEPARATION—COUNTERCLAIM—FRAMING ISSUES FOR JURY.

Where, in a suit for separation, defendant filed a counterclaim for divorce, it was within the court's discretion to grant plaintiff's application to frame issues for trial by jury, as authorized by Code Civ. Proc. § 971, whether plaintiff was entitled to such order as a matter of right or not.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 144.*]

Action by Mary C. Haff against William P. W. Haff for separation, in which defendant filed a cross-bill for divorce. On plaintiff's motion to frame issues raised by the counterclaim for trial by jury. Motion granted.

See, also, 116 N. Y. Supp. 1100.

House, Grossman & Vorhaus (Moses H. Grossman and Leo R. Brilles, of counsel), for the motion.

Max D. Steuer, opposed.

GIEGERICH, J. In this action for a separation the defendant has counterclaimed for a divorce, and in her reply the plaintiff denies the allegations of adultery set up in the counterclaim and also pleads as a defense the commission of numerous acts of adultery on the part of the defendant. Issue was joined on April 16, 1909, and the cause was noticed by both parties for trial at the May Special Term. On May 22, 1909, the defendant moved for a preference on the calendar, and the plaintiff, conceding that the preference was a matter of right, asked that the cause be set for trial on June 21st. The motion for a preference was granted, and the cause was placed upon the preferred calendar of the Special Term for June 14th. On the morning of that day the papers upon the present motion were served upon the attorneys for the defendant. By this motion an order is sought framing the issues raised by the counterclaim and the reply for trial by a jury.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant urges that under the provisions of section 970 of the Code of Civil Procedure and rule 31 of the general rules of practice this motion should have been made within 10 days after issue was joined; but this requirement does not apply to a cause of action for a divorce. Wilcox v. Wilcox, 116 App. Div. 423, 101 N. Y. Supp. 828; Conderman v. Conderman, 44 Hun, 181.

The defendant also claims that by noticing the cause for trial at Special Term and asking that it be set for trial upon a day certain the plaintiff has waived her right, if any she had, to a jury trial. But it is well settled that noticing the cause for the Special Term does not amount to a waiver, since the cause remains before the Special Term, although certain issues are sent to a jury (Wilcox v. Wilcox, supra; Tietzel v. Tietzel, 122 App. Div. 873, 107 N. Y. Supp. 878); and I do not see that the plaintiff, by failing to oppose the preference, to which the defendant was entitled, and asking that the appearance of the cause upon the calendar be deferred until June 21st, has waived anything to which she would otherwise be entitled.

The defendant further urges that the action is for a separation, and that there is no provision of law giving a right to trial by jury in such an action. But the issues sought to be framed here are those raised by the counterclaim for a divorce and the reply thereto. It is unnecessary to decide whether under the provisions of sections 1757 and 974 of the Code the plaintiff was entitled as a matter of right to a jury trial of those issues. Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350; Bennett v. Edison Electric Ill. Co., 164 N. Y. 131, 58 N. E. 7; Herb v. Metropolitan Hospital, 80 App. Div. 145, 80 N. Y. Supp. 552. If she was so entitled, I hold that she has not waived her right to that mode of trial, and is still entitled to assert it. If she is not so entitled as a matter of right, it is, nevertheless, within the discretion of the court to order such a trial (Code, § 971; Ettlinger v. Trustees, 122 App. Div. 681, 687, 107 N. Y. Supp. 779); and I am of the opinion that such an order should be made in this case. The precise form of the issues to be submitted to the jury will be determined, on the settlement of the order.

Motion granted, as indicated, without costs.