to these, I do not decide that they have a valid claim to the first premium, but only that they are entitled thereto because the plaintiff has tendered the same in court.

Since Nicchia has been guilty of no fraud or misrepresentation and his representatives have frankly laid the matter before this court, I do not think they should be obliged to pay costs. Costs may be taxed by the plaintiff against the other defendants who have appeared. I cannot direct the plaintiff to deduct its costs from the premiums because by its tender it has already relinquished its right to this amount. It must tax the costs and secure payment in any way open to it without specific direction contained in the judgment.

---

(67 Misc. Rep. 570.)

### JEFFRIES v. NEW YORK EVENING JOURNAL PUB. CO.

(Supreme Court, Special Term, New York County.   May, 1910.)

INJUNCTION (§ 96*)—INTERFERENCE WITH PERSONAL PRIVACY—UNAUTHORIZED USE OF PHOTOGRAPH—"ADVERTISING PURPOSES"—"PURPOSES OF TRADE."

A person's picture is not used for "advertising purposes" or for "purposes of trade," within Civil Rights Law (Consol. Laws, c. 6) § 51, prohibiting the use of any person's picture or portrait without his written consent for advertising purposes, or for purposes of trade, so as to warrant an injunction against such use, unless it is used as part of an advertisement, nor is it used for the purposes of trade within the section when merely used for the dissemination of information, and not for commerce or traffic.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 167; Dec. Dig. § 96.*]

Action by James J. Jeffries against the New York Evening Journal Publishing Company. Motion for a temporary injunction. Motion denied.

C. A. Brodek, for plaintiff.

Clarence J. Shearn, for defendant.

WHITNEY, J.   Plaintiff, who alleges that he has written an autobiography which "by reason of plaintiff's career is of interest to the public" and "of great financial value to the plaintiff" and "of immense value" to the newspaper publishing it, brings this suit to enjoin defendant "from using the name, portrait or picture of the plaintiff in or in connection with a so-called biography or life history of the plaintiff," and for $25,000 damages. The autobiography is copyrighted, and a direct attack upon the "so-called biography" now being published as a serial by the defendant can, of course, not be made in a state court.

Hence plaintiff relies upon section 51 of the civil rights law (formerly Laws 1903, c. 132), which prohibits the use of any person's name, picture, or portrait without his written consent "for advertising purposes or for the purposes of trade." He attempts to bring the case within the statute by alleging that his picture gives defendant's newspaper "an increased circulation" and thereby "increased value as an advertising medium." But this stretches the language of the statute

ad absurdum.  It is a penal as well as a remedial provision (see section 50), and must be confined in construction to a reasonable interpretation of its language.  In my opinion a picture is not used "for advertising purposes" within its meaning unless the picture is part of an advertisement, while "trade" refers to "commerce or traffic," not to the dissemination of information.  According to the plaintiff's construction, the picture of a pugilist or president would bring the case within the statute where that of an obscure and quiet citizen would probably not;. nor does he, indeed, object to his picture, except in connection with his biography.  Motion for temporary injunction denied.

Motion denied.