FELICITE S. RIDDLE, Respondent, *v.* BERNARR A. MACFADDEN, Appellant, Impleaded with Another.

Appeal — action for damages from unauthorized use of name or picture of person for purposes of trade — no appeal can be taken from unanimous affirmance by Appellate Division of judgment in such action, unless allowed under section 191 of the Code of Civil Procedure.

An action brought under chapter 132 of the Laws of 1903, entitled " An act to prevent the unauthorized use of the name or picture of any person for the purposes of trade," in which the questions presented for

review were limited to those arising upon the assessment of damages, is an action to recover for a personal injury within the meaning of subdivision 2 of section 191 of the Code of Civil Procedure, and where the judgment entered upon the verdict has been unanimously affirmed by the Appellate Division no appeal lies to this court unless it is allowed as provided for in that section.

*Riddle* v. *MacFadden*, 130 App. Div. 898, appeal dismissed.

(Argued February 28, 1911; decided March 14, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 9, 1909, unanimously affirming a judgment in favor of plaintiff entered upon a verdict rendered upon an assessment of damages made pursuant to an interlocutory judgment of Special Term in an action to restrain the defendant from using plaintiff's photograph for advertising purposes and for damages.

The appeal from the judgment coming on for argument the respondent moved to dismiss the appeal on the ground that the Court of Appeals has no jurisdiction to entertain the same in the absence of a certificate by the Appellate Division that in its opinion a question of law is involved which ought to be reviewed by the Court of Appeals under subdivision 2 of section 191 of the Code of Civil Procedure or without having obtained in lieu thereof an allowance of the appeal by a judge of this court.

*Paris S. Russell, Henry M. Earle* and *John Ingle, Jr.,* for appellant. This appeal is authorized and no permission from the Appellate Division or from a judge of the Court of Appeals was necessary. (Code Civ. Pro. § 191, subd. 2; § 3343, subd. 9.)

*Thomas E. O'Brien* and *Rufus L. Wever* for respondent. The judgment of affirmance is not appealable without leave first obtained. (Code Civ. Pro. § 191, subd. 2.) Independently of statutory definition, the injury sued upon here is a personal injury. (Cooley on Torts [3d ed.], 360 ; 22 Am. &

Eng. Ency. of Law [2d ed.], 1311; *Rhodes* v. *Sperry & Hutchinson Co.*, 120 App. Div. 467; 193 N. Y. 223; *Roberson* v. *Rochester Box Co.*, 32 Misc. Rep. 344; 64 App. Div. 30; 171 N. Y. 538; *Marks* v. *Jaffa*, 6 Misc. Rep. 290; *Murray* v. *Lithographic Co.*, 8 Misc. Rep. 36; *Schuyler* v. *Curtis*, 64 Hun, 594; 70 Hun, 598; 147 N. Y. 436; *Panesich* v. *N. E. L. Ins. Co.*, 122 Ga. 190; *Atkinson* v. *Dougherty*, 121 Mich. 372; *Corliss* v. *Walker*, 57 Fed. Rep. 434; 64 Fed. Rep. 280; *Price* v. *Price*, 75 N. Y. 244; *Wilson* v. *McGregor*, 58 Hun, 607; *Bennett* v. *Bennett*, 116 N. Y. 584.)

WILLARD BARTLETT, J.   This action was brought for an injunction and to recover damages under chapter 132 of the Laws of 1903 entitled "An act to prevent the unauthorized use of the name or picture of any person for the purposes of trade."   The issues on which the plaintiff based her right to equitable relief were tried at Special Term where an interlocutory judgment was rendered in favor of the plaintiff awarding an injunction against the appellant and directing an assessment of damages before a jury at Trial Term.   Upon such assessment the jury rendered a verdict for the plaintiff in the sum of $3,000.   Final judgment was thereupon entered from which an appeal was taken to the Appellate Division where it was unanimously affirmed.   A further appeal has now been taken to this court without the certificate from the Appellate Division provided for in subdivision 2 of section 191 of the Code of Civil Procedure or any allowance of the appeal by a judge of the Court of Appeals.

The respondent has moved to dismiss on the ground that the suit is an action to recover damages for a personal injury and hence that such certificate or allowance is indispensable.

In disposing of this motion it should be noted that a stipulation appears in the record to the effect that the appeal in so far as it includes an appeal from the interlocutory judgment (which awarded the injunction) " be withdrawn and that the review on appeal be limited to the review of the questions

presented upon the assessment of damages at trial term."
This stipulation would limit us to a consideration of the
strictly legal aspects of the case as distinguished from the
plaintiff's right to equitable relief under the statute for the
unauthorized invasion of her right of privacy.

We are of opinion that an action under chapter 132 of the
Laws of 1903 (now sections 50 and 51 of the Civil Rights
Law) in which the plaintiff seeks to recover damages is an
action to recover damages for a personal injury within the
meaning of subdivision 2 of section 191 of the Code of Civil
Procedure.   In the long section of the Code containing mis-
cellaneous general definitions and rules of construction we find
the following definition of the term "personal injury": "A
'personal injury' includes libel, slander, criminal conversation,
seduction, and malicious prosecution; also an assault, battery,
false imprisonment, or other actionable injury to the person
either of the plaintiff, or of another."    (Code Civ. Pro.
§ 3343, subd. 9.)

Independently of this statutory definition it is well settled
that an injury to the person within the meaning of the law does
not necessarily involve the element of personal contact with the
person complaining of the injury.   The alienation of a hus-
band's affections, the seduction of a man's daughter and the
breach of a promise to marry are examples of personal injuries
of this character.   An action by a wife to recover damages for
the alienation of her husband's affections was held to be an
action for a personal injury in *Bennett* v. *Bennett* (116 N. Y.
584).   An action to recover damages for fraud by a defendant
in inducing the plaintiff to marry him was declared to be an
action for a personal wrong not affecting the plaintiff's prop-
erty or estate in *Price* v. *Price* (75 N. Y. 244).   The char-
acter of an action to recover damages for breach of promise
of marriage came before this court for consideration in *Wade*
v. *Kalbfleisch* (58 N. Y. 282) where it was declared to be in
substance an action on the case for personal injuries, although
in form it resembles an action on contract.   Evidence as to the
wealth of the defendant is admitted in such actions, " not to

prove the pecuniary loss for support, but to show what the station of the plaintiff in society would have been, which is purely a personal grievance and injury." (Per CHURCH, Ch. J.) " If its personal features are abandoned, the incidents only remain. The circumstances relative to the property and standing of the defendant are admissible upon the question of damages, but they are incidental and subordinate, and so complicated with personal injuries as to render their separation impracticable." (p. 286.) In *Maxson* v. *Del., L. & W. R. R. Co.* (112 N. Y. 559) this court held, speaking through GRAY, J., that an action by a husband to recover damages for the loss of the services of his wife because of personal injuries inflicted upon her by the defendant's negligence was an action for a personal injury and that it was not any the less an action for a personal injury, because of the fact that the injury had brought about a diminution of or loss to the husband's estate.

It is said in Cooley on Torts (3d ed. p. 364) that " the right of privacy, conceding it to exist, is a purely personal one, that is, it is a right of each individual to be let alone, or not to be dragged into publicity." In the prevailing opinion in *Roberson* v. *Rochester Folding Box Co.* (171 N. Y. 538), holding that there was no common-law right of privacy, the implication is that equity cannot grant relief for the invasion of such a right if it exists because it is merely a personal right and not a property right; and in the dissenting opinion Judge GRAY declared the right of privacy or the right of the individual to be let alone to be a personal right. There thus appears to have been no difference in the court as to the character of the right, assuming its existence, and it follows that if the right is personal its invasion must be a personal injury.

Referring to the implied permission which the act of 1903 gives to use the name, portrait or picture of another for advertising purposes or for the purposes of trade when the written consent of the person has first been obtained, or if the person is a minor by permission of the parent or guardian, the appellant argues that it is absurd to say that the law will countenance and approve the act of a parent or guardian in consent-

ing to the commission of a personal injury upon an infant. This is equivalent to saying that an act may not be denominated a personal injury which is entirely legal if done with the consent of the party affected thereby. The proposition overlooks the obvious point that the presence or absence of consent may be an element which characterizes an act as a personal injury or no injury at all. More than one class of cases may be suggested in which the lack of consent turns what would otherwise be an innocent act toward the person of another into an actionable personal wrong; as where a surgeon performs an operation upon an infant child without the consent of the parent or guardian, or where he makes an autopsy without the consent of those whose consent the law prescribes.

Under the act of 1903 it is possible, of course, for a person whose name or portrait has been used in violation of its prohibitions to maintain an equitable action as provided in the second section for an injunction only without seeking the recovery of pecuniary or exemplary damages. Such an equity suit, although based upon an injury to the person, would not be an action to recover damages for a personal injury. Where, however, as in the case at bar, there is in addition to the demand for equitable relief a demand for money damages which are assessed by a jury, we think the action is one to recover damages for a personal injury within the purview of subdivision 2 of section 191 of the Code of Civil Procedure, and that where the judgment entered upon the verdict has been unanimously affirmed by the Appellate Division no appeal lies to this court unless it is allowed as provided for in that section.

For these reasons the motion to dismiss the appeal should be granted, with costs.

CULLEN, Ch. J., GRAY, WERNER, HISCOCK, CHASE and COLLIN, JJ., concur.

Appeal dismissed.