RANSOME CONCRETE MACHINERY COMPANY, Respondent, *v.* CHARLES W. McDONALD et al., Appellants.

Trial — when cause of action is more clearly legal than equitable in character the court may transfer it from a court of equity to the calendar of the term for trial of issues of law — construction of contract for leasing forms used in the building of tunnels — evidence — erroneous exclusion of evidence tending to show that lessor did not comply with contract.

1. Where a complaint shows a good cause of action and is more clearly good in the legal than in the equitable aspect, the allegations and the prayer on the subject of equitable relief do not control the effect of the averment of facts constituting the cause of action at law, and it may in the discretion of the court be transferred to the Trial Term calendar.

2. The plaintiff leased to defendant upon an agreed rental certain steel "forms" or "centering" under an agreement to instruct plain-

tiff in the erection, moving, resetting and use of the forms, to show the cost of moving and resetting them and in case it exceeded a sum named, the excess should be deducted from the rent. The plaintiff also agreed that it would demonstrate the suitability of the forms for the work. In this action to recover for the rental, plaintiff introduced evidence tending to prove that the defendants, by their conduct and methods of operating, prevented and relieved it of the fulfillment of its contract to show the cost of moving the centering. It also took the position that the question of the cost of moving forward the centering forms was not involved at the trial, because the defendants did not insist upon the demonstration and did not reject or return the leased property in accordance with the provisions of the contract. *Held*, that the agreement of the plaintiff to show the cost of moving the forms and to deduct the sum, in excess, from the rent was independent of his agreement to demonstrate the suitability of the forms for the work; that the use and retention of the forms by the defendants until the completion of the work did not act upon the rights of defendants to have the excess of cost of operating them deducted from the rent or estop them from enforcing it, and that testimony offered by defendants to show that plaintiff did not show or make known to them the cost of moving the forms was improperly rejected.

*Ransome C. M. Co. v. McDonald*, 146 App. Div. 878, reversed.

(Argued January 21, 1913; decided February 25, 1913.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered July 11, 1911, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Almeth W. Hoff* and *Michael J. Joyce* for appellants. This action having been brought solely in equity, and the plaintiff at the time of its commencement not being entitled to equitable relief, the court had no jurisdiction to award any other kind of relief to the plaintiff, and should have dismissed the complaint. (*Heywood* v. *City of Buffalo*, 14 N. Y. 534; *Bradley* v. *Aldrich*, 40 N. Y. 511; *Davison* v. *New Jersey Co.*, 71 N. Y. 333; *Brauer*

v. *Laughlin*, 235 Ill. 265; *Green* v. *Stewart*, 19 App. Div. 201; *Toplitz* v. *Bauer*, 26 App. Div. 125; *Loeb* v. *Supreme Lodge*, 198 N. Y. 180; *McNulty* v. *Morris E. L. Co.*, 172 N. Y. 416; *Barlow* v. *Scott*, 24 N. Y. 44; *Welles* v. *Yates*, 44 N. Y. 525; *Ogden* v. *City of New York*, 141 App. Div. 578.)

*Arthur O. Townsend* for respondent. The action was properly brought and tried. (*Barlow* v. *Scott*, 24 N. Y. 40; *Murtha* v. *Curley*, 90 N. Y. 372; *Bell* v. *Merrifield*, 109 N. Y. 202; *Van Rensselaer* v. *Van Rensselaer*, 113 N. Y. 207; *Valentine* v. *Richardt*, 126 N. Y. 272; *Van Allen* v. *N. Y. El. R. R. Co.*, 144 N. Y. 174; *Baily* v. *Hornthal*, 154 N. Y. 648; *McNulty* v. *Mt. Morris El. L. Co.*, 172 N. Y. 410; *Satterlee* v. *Kobbe*, 173 N. Y. 91; *Hubbell* v. *Henrickson*, 175 N. Y. 175; *Thomas* v. *Schumacher*, 17 App. Div. 441; 163 N. Y. 554.) The trial court ruled correctly on the matters of defense. (*Chambers* v. *Lancaster*, 3 App. Div. 215; 160 N. Y. 342; *Brown* v. *Foster*, 108 N. Y. 387; *Reed* v. *Randall*, 29 N. Y. 358; *McCormick* v. *Sarson*, 45 N. Y. 265; *Coplay Iron Co.* v. *Pope*, 108 N. Y. 232; *Pierson* v. *Crooks*, 115 N. Y. 539; *Birch* v. *Kavanaugh Knitting Co.*, 34 App. Div. 614; 165 N. Y. 617; *Hooper* v. *Story*, 115 N. Y. 171; *Rice* v. *Grange*, 131 N. Y. 149.)

COLLIN, J. The plaintiff has a judgment in this action, directed by the trial court and unanimously affirmed by the Appellate Division, for rent or compensation for the use by the defendants of steel forms or centering, carriages and rails, leased to them by the plaintiff and used by them in constructing a tunnel sewer in the borough of the Bronx, New York city. The action was based upon a written lease or contract between the parties, which contained the provision that the plaintiff, the lessor, agreed to instruct the defendants, the lessees, in the erection, moving and resetting, and in the use of the forms,

by supervising such operations for a time satisfactory to the defendants, and to show by said moving and resetting that the cost for moving a section of the forms from a rear position in the sewer and attaching it to a forward section of the forms would not exceed sixteen cents per lineal foot of sewer; and "should said cost exceed sixteen (16) cents per lineal foot of sewer, the excess, figured from results of the said supervising demonstration, is to be deducted from" the rent. It provided further that the plaintiff should demonstrate, to the satisfaction of the defendants by supervising the said moving and setting, the suitability of the forms for the work of the defendants "within a period of thirty days from the time of the setting up of the said centering and before any payment of rent was made by the defendants; and should the centering not be suitable for the work, the defendants would return the same to the plaintiff within sixty days from the date of its rejection." The defendants agreed in the contract to pay as rent for the forms, carriages and rails $2,000 as follows: "Upon the acceptance of the said demonstration above described and not later than thirty (30) days from the beginning of the operation of said centering, for the first installment thereof, the sum of one thousand ($1,000.00) dollars and thirty days from the date of the said first payment the sum of one thousand ($1,000.00) dollars for the second installment of said centering." The defendants used the forms throughout the progress of the work and several months after they received them returned them to the plaintiff.

An intendment of the contract was that the plaintiff should show, before an installment of rent became payable, the cost of moving a section of centering from a rear position in the sewer and attaching it to a forward section. That action anterior to the maturity of the rent was, by the terms of the contract, as obligatory upon the plaintiff as the delivery to the defendants of the leased property. Upon the trial it did not claim or attempt to

prove the fulfillment of this obligation, but introduced evidence tending to prove that the defendants by their conduct and methods of operating prevented and relieved it of the fulfillment. The jury might have made a contrary finding had the evidence been submitted to them. The plaintiff upon the trial also took the position that the question of the cost of moving forward the forms was not involved at the trial, because the defendants did not insist upon the demonstration and did not reject or return the leased property in accordance with the provisions of the contract. The trial court apparently adopted this construction of the contract and upon it made rulings rejecting evidence offered by the defendants. They sought to prove by questions asked witnesses in their behalf that the plaintiff did not show or make known to them the cost of moving forward the forms and what the actual cost of moving them was. The exceptions taken by the defendants to the rulings rejecting the testimony must prevail. The agreement of the plaintiff to show the cost of moving the forms and to deduct the sum in excess of sixteen cents per lineal foot of sewer was independent of his agreement to demonstrate the suitability of the forms for the work. The defendants might release or waive the performance of the latter without affecting to any extent the former. The use and retention of the forms by the defendants until the completion of the work did not act upon the right of defendants to have the excess cost of operating them deducted from the rent or estop them from enforcing it. The testimony rejected should have been admitted and the issues raised by the pleadings and proof submitted to the jury.

The action was commenced while the defendants were constructing the sewer and using the forms, as the complaint alleged, and concededly is in equity. The complaint contained allegations as a basis for invoking equitable jurisdiction and the prayer for relief demanded a temporary and permanent injunction restraining the use

of the forms by the defendants, a mandatory injunction compelling the immediate return of them to the plaintiff, and, "as incidental to the main relief," the ascertainment of the rental due under the contract and the plaintiff's damages for defendants' breach thereof and other and further proper relief. The Special Term, upon the application of the plaintiff and overruling the opposition of the defendants, struck the action from its calendar and transferred it to the calendar of the Trial Term.

The order transferring the action was proper. The plaintiff having selected the equitable forum, the Special Term might, in the exercise of its discretion, have refused its application and held the cause for trial. The complaint showed a good cause of action at law. It was more clearly good in the legal than in the equitable aspect. The allegations and the prayer on the subject of equitable relief did not control the effect of the averment of facts constituting the cause of action at law. There is neither rule nor reason forbidding the Special Term to exercise its discretion by granting the motion of the plaintiff that the action be deemed and tried as an action at law, and compelling it to dismiss the complaint and turn the plaintiff out of court, although it had alleged a good cause of action. If the defendants desired, because of the transfer, to change their answer, the Special Term would undoubtedly, upon their application, have permitted the proper amendments.

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the event.

Cullen, Ch. J., Gray, Werner, Hiscock, Cuddeback and Miller, JJ., concur.

Judgment reversed, etc.