## JACOB v. SCHIFF.

(Supreme Court, Special Term, New York County. April 12, 1913.)

1. TRIAL (§ 11*)—TRANSFER OF CAUSE TO EQUITY DOCKET—SPECIAL ISSUES.
   Where suit was instituted to restrain defendant's use of complainant's portrait for advertising purposes, and for damages, complainant was not entitled to have the whole case sent to Trial Term, Part II, for trial, since, so far as such controversy is concerned, that part of the Supreme Court is only available for the trial of framed or settled issues.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig. § 11.*]

2. JURY (§ 28*)—RIGHT TO JURY TRIAL—INJUNCTIVE RELIEF—WAIVER.
   Where complainant sued to enjoin defendant's use of complainant's photograph for advertising purposes, and for damages, the fact that after issues joined defendant ceased using the photograph, and complainant indicated that he did not thereafter care to have an injunction, was not equivalent to an amendment of the complaint, so as to abandon the claim for an injunction, in so far as it affected complainant's right to a trial of the question of damages to a jury.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

3. JURY (§ 13*)—RIGHT TO JURY TRIAL—EQUITY SUIT—INCIDENTAL DAMAGES.
   Where complainant sued to enjoin defendant's use of complainant's photograph for advertising purposes, and for damages, the demand for damages was incidental only to the main relief, and did not entitle complainant to a trial of that issue to a jury.

   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 35–83; Dec. Dig. § 13.*]

4. JURY (§ 28*)—RIGHT TO JURY TRIAL—CIVIL RIGHTS LAW—VIOLATION.
   Though the Civil Rights Law (Consol. Laws, c. 6), guaranteeing the right of privacy, was passed with a view of affording to complainant a jury trial of all relevant issues, if he elected to pursue his remedy at law, the institution of a suit in equity to enjoin the infringement of complainant's right to the privacy of his own photograph, and to recover damages as incidental thereto, constituted either a waiver of complainant's

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

149 N.Y.S.—18

right to a jury trial or an abandonment of his intention to seek that mode of trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

5. JURY (§ 28*)—RIGHT TO JURY TRIAL—SEPARATE CAUSES OF ACTION—JOINDER—LEGAL ISSUES.

Where a complaint seeking to enjoin defendant from further use of complainant's photograph for advertising purposes, and to recover damages, was construed as joining in the complaint a cause of action in equity with one at law, arising out of the same transaction, but no issues to be tried by a jury were settled within 20 days after issues joined, as required by General Practice Rule 31, complainant's right to a trial by jury of the issues raised by the legal cause of action was waived.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 176–196; Dec. Dig. § 28.*]

Suit by Manning Jacob against Henry Schiff to restrain his use of complainant's portrait for advertising purposes, under the Civil Rights Law, and for damages. On motion to transfer from Equity Term to Common-Law Term, on the ground that the right of complainant to equitable relief and injunction had abated pending the action. Denied.

William F. Clare, of New York City (Charles J. Kelaher, of New York City, of counsel), for plaintiff.

Stern, Barr & Tyler, of New York City, for defendant.

BIJUR, J. Plaintiff sues under section 51 of the Civil Rights Law because of the unauthorized publication of his picture, which, he alleges, continued up to the beginning of the action. He prays for injunctive relief and money damages. Issue was joined about a year ago by service of the answer, which, for the purposes of this motion, may be regarded as a general denial. The case was noticed for trial at Special Term. Plaintiff now moves that it be sent to Trial Term, Part II, for a jury trial; the motion being made upon an affidavit which alleges that the publication of the picture has been discontinued since action brought.

[1] Defendant insists that the entire cause be tried at the Equity Term. There are many reasons why the motion must be denied. In the first place Trial Term, Part II, is, so far as the present controversy is concerned, the place of trial only for framed or settled issues; therefore the case as a whole cannot be sent to that part.

[2] But a more serious objection is the consideration that the issues raised by the prayer for injunctive relief have not been disposed of. The mere fact that plaintiff now indicates that he does not care to have an injunction issue is not equivalent to an amendment of his complaint under which a right to such injunction is set forth. See Miller v. Edison E. & I. Co., 184 N. Y. 17, 20, dissenting opinion of Gray, J., pages 26 and 27, 76 N. E. 734, 736–738, 3 L. R. A. (N. S.) 1060, 6 Ann. Cas. 146, which on this point is concurred in by the entire court; also Watson v. Man. Ry., 53 N. Y. Super. Ct. 137. The same reason prevents the application of the principle that where a

complaint sets out a cause of action in equity, with a prayer for incidental relief, which, standing by itself, would be the subject of cognizance at law, and the ground for awarding equitable relief has been completely removed or has disappeared, the issues remaining (if the facts pleaded sufficiently set out a cause of action at law) should be sent to Trial Term for trial by a jury, unless the party making such application has by unwarranted delay waived that right. See McNulty v. Mt. Morris E. I. Co., 172 N. Y. 410, 411–414, 65 N. E. 196; Davison v. Associates, etc., 71 N. Y. 333, 340; Pegram v. Elevated R. R., 147 N. Y. 135, 148, 41 N. E. 424; Koehler v. N. Y. Elevated Ry., 159 N. Y. 218, 224, 53 N. E. 1114. There is nothing adverse to this conclusion in Ransome C. M. Co. v. McDonald et al., 207 N. Y. 383, 101 N. E. 175, cited by plaintiff, because it does there appear that the ground for equitable relief, namely, the injunction, had completely abated, leaving only an action for rental of apparatus to be tried.

[3] I have, up to this point, regarded the complaint as setting out but a single cause of action, which seems to be the interpretation suggested in Riddle v. MacFadden, 201 N. Y. 215, 220, 94 N. E. 644, namely, a cause of action arising out of a personal injury sought to be enforced by plaintiff by a suit in equity, with a prayer for monetary damages as incidental to the main relief. In such a case the plaintiff cannot claim a jury trial as a matter of right, which is, of course, the claim made on this motion. See Cogswell v. N. Y., etc., R. R., 105 N. Y. 319, 11 N. E. 518; s. c. below, 54 N. Y. Super. Ct. 92; Lynch v. M. E. Ry., 129 N. Y. 274, 29 N. E. 315, 15 L. R. A. 287, 26 Am. St. Rep. 523; Shepard v. M. E. Ry., 131 N. Y. 215, 222, 30 N. E. 187; also McNulty, Pegram, and Koehler Cases, supra. It is true that in a number of actions recently brought under this section of the Civil Rights Law there has been what was called "an assessment of damages" by a jury. To this proceeding there seems to have been no objection taken. It may also be noted that in each of these cases such "assessment" was had after an interlocutory judgment at Special Term decreeing the issuance of an injunction, and remitting the question of damages to a jury. Riddle v. MacFadden, 201 N. Y. 215, 216, 94 N. E. 644; Binns v. Vitagraph Co., 71 Misc. Rep. 203, 130 N. Y. Supp. 876, affirmed 210 N. Y. 51, 103 N. E. 1108; Rhodes v. Sperry Co., 120 App. Div. 467, 468, 104 N. Y. Supp. 1102.

[4] Should it be urged that the provision in the statute for recovering exemplary damages indicates plainly an intention that the plaintiff be accorded a jury trial, it may be said that the whole statute undoubtedly was passed with a view of affording to a plaintiff a right to a jury trial on all the relevant issues, *if he elects to pursue his remedy at law;* but the bringing of the suit in equity, with reliance upon a recovery for damages as incidental thereto, is either a waiver of the right to a jury trial, or, perhaps, more strictly speaking, the abandonment of an intention to seek that mode of trial. See Cogswell Case, supra. Indeed, it has been held, in other jurisdictions, that such a cause is regarded as a waiver of the right to exemplary dam-

ages. Karns v. Allen, 135 Wis. 48, 58, 115 N. W. 357, 15 Ann. Cas. 543, 547, and cases there·cited.

[5] There remains to be considered another possible, though, as I regard it, incorrect, hypothesis, namely, that the complaint sets out two causes of action—one sounding in equity, and the other at law, which, pursuant to section 484, Code Civ. Proc., might be joined in one complaint, because arising out of "the same transaction." See intimation to that effect in Riddle v. McFadden, 116 App. Div. 353, 355, 101 N. Y. Supp. 606. Upon that theory it is clear that, the action being one other than those enumerated in section 968 of the Code, the issues to be tried by the jury would have to be framed or settled pursuant to section 970, as pointed out in an analogous case. Mackellar v. Rogers, 109 N. Y. 468, 17 N. E. 350. However, if the action be thus regarded, Rule 31 of the General Rules of Practice would apply, and as no application to have the issues settled has been made within 20 days after issues joined, the right to a jury trial would be waived. The new and more comprehensive form of this rule was adopted in 1910 (effective September 1st). It disposes of distinctions which had been made in respect to, and of doubts entertained concerning, its application in its previous form. See Conderman v. Conderman, 44 Hun, 181; Ulbricht v. Ulbricht, 89 Hun, 479, 35 N. Y. Supp. 324; Herb v. Met. Hospital, 80 App. Div. 145, 152, 80 N. Y. Supp. 552; Wilcox v. Wilcox, 116 App. Div. 423, 101 N. Y. Supp. 828; Tietzel v. Tietzel, 122 App. Div. 873, 107 N. Y. Supp. 878.

Motion denied.