COLYER v. RICHARD K. FOX PUB. CO.

(Supreme Court, Appellate Division, Second Department. April 10, 1914.)

1. Torts (§ 8*)—"Use of Portrait for Advertising or Trade Purposes."

The publication of a person's portrait in a daily, weekly, or periodical paper or magazine, though it contains a great number of advertisements, is not a use of the portrait for advertising purposes, or purposes of trade, within Civil Rights Law (Consol. Laws, c. 6) § 50, prohibiting such use without the consent of the person, and section 51 giving a right of action for damages caused by such use.

[Ed. Note.—For other cases, see Torts, Cent. Dig. § 8; Dec. Dig. § 8.*]

2. Statutes (§ 217*)—Construction—History.

Civil Rights Law (Consol. Laws, c. 6) §§ 50, 51, as to the use without consent of a person's portrait for advertising purposes or purposes of trade, though its language is general and susceptible of a very wide meaning, must be interpreted in the light of its history and the evil at which it was aimed.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 293; Dec. Dig. § 217.*]

Appeal from Trial Term, Kings County.

Action by May Colyer, an infant, by Johanna Colyer, her guardian ad litem, against the Richard K. Fox Publishing Company. From a judgment for defendant, and an order denying a new trial, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Charles J. Belfer, of Brooklyn, for appellant.

Chauncey E. Treadwell, of New York City (Louis J. Vorhaus, of New York City, on the brief), for respondent.

CARR, J. [1, 2] The plaintiff is a young woman, under legal age, who brings this action against the defendant, a corporation that publishes a weekly paper in the city of New York. For several years the plaintiff has been a professional entertainer in the specialty of "high diving," which is described in this record as diving from a height into a shallow tank of water. In this capacity she has appeared before the public in many places throughout this country, as well as in Canada. While in Canada, she had her photograph taken in costume appropriate to her public performances. A copy of this photograph came into the possession of the defendant. Without the written consent of the plaintiff, or her guardian or parents, the defendant published a reproduction of it, in its publication known as "the National Police Gazette," in a single issue of that paper bearing date January 18, 1913. Immediately below the picture appeared the words, "May Collier, a Great Trick Diver." On the same page appeared four other pictures of women vaudeville performers, attired in stage costumes. At the bottom of the page were the words:

"Five of a kind on this page. Most of them adorn the burlesque stage; all of them are favorites with the bald-headed boys."

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the claim that this single publication of her picture by the defendant was a violation of sections 50 and 51 of the Civil Rights Law (Consol. Laws, c. 6), this action was brought to obtain an injunction against a further publication of the picture and for damages. The case came originally before the equity side of the court, but, as there was no claim that the defendant threatened or intended to repeat the publication of the picture, the case was sent into the jury Trial Term for disposition as to damages, if the plaintiff should prove herself entitled thereto. At the Trial Term it was conceded that the plaintiff was a professional "high diver"; that she herself had caused the original photograph to be taken; and that it was published by the defendant without the written consent provided by the statute. The complaint was dismissed, at the close of her evidence, on the ground that she had not brought her grievance within the scope of the statute upon which she relied. For convenience sake I will quote the pertinent sections of the statute, which read as follows:

"Sec. 50. Right of Privacy.—A person, firm or corporation that uses for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian, is guilty of a misdemeanor.

"Sec. 51. Action for Injunction and for Damages.—Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained as above provided may maintain an equitable action in the Supreme Court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use, and if the defendant shall have knowingly used such person's name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages."

As a part of the plaintiff's proof, a copy of the defendant's publication was received in evidence. It is in the form of 16 pages, printed on pink paper. Some pages are devoted very largely to pictures of pugilists, wrestlers, athletes, and vaudeville performers, and prize dogs. Its title page describes it as "the Leading Illustrated Sporting Journal in the World." The issue is numbered "Volume CII.—No. 1849." It appears to be the same publication that hung on the sides of news booths in our boyhood days, and which seems to be, even now, an ornament of village barber shops. It carries a very considerable amount of reading matter that scarcely appeals to a refined mind, and likewise a great number of advertisements of quack nostrums and trivial things. From these circumstances, the appellant asks this court to hold from a mere inspection of the paper that it is but a mere advertising sheet sold as a matter of trade, and that therefore every one of its photographic illustrations must be deemed to be used "for advertising purposes or for the purposes of trade," within the meaning of the statute. The argument addressed to this court to sustain this proposition is largely etymological and lexicographical. The language of the statute is very general and is susceptible of a very wide meaning. Applied as the appellant would desire, it would cover nearly every issue of our newspapers, and es-

pecially our great number of monthly magazines, in which the advertising matter is as great in bulk, and oftentimes as interesting, as the letterpress. But this statute has been considered judicially many times since its original enactment in 1903, and we are admonished that its very general language must be interpreted in the light of its history and the evil at which it was aimed. Binns v. Vitagraph Co., 210 N. Y. 51, 103 N. E. 1108; Rhodes v. Sperry & Hutchinson Co., 193 N. Y. 223, 85 N. E. 1097, 34 L. R. A. (N. S.) 1143, 127 Am. St. Rep. 945; s. c., 120 App. Div. 467, 104 N. Y. Supp. 1102. In every reported decision in which a judgment for damages under this act was upheld, the prohibited use of the name and photograph was clearly for advertising or trade purposes. So far this statute has not been so far extended as to prohibit, under penalty of exemplary damages, a publication, in a daily, weekly, or periodical paper or magazine, of the portrait of an individual. When the statute was enacted originally in 1903, the custom of publishing in papers the portraits of individuals who were distinguished in their activities of life was very general. If the Legislature had intended to wipe out this custom, it could have said so easily in positive language. It did not so say in terms, and the courts have proceeded to give the statute full enforcement, within the meaning of its express provisions, considered in the light of its history. No attempt has been made to speak ex cathedra as to every possible application of this statute, because it has been deemed the better judicial policy to apply its provisions to each case as it may arise. Binns v. Vitagraph Co., 210 N. Y. 51, 56, 103 N. E. 1108. We are satisfied, as was the learned trial justice, that in the case at bar no cause of action was made out under the statute invoked by the plaintiff. See Jeffries v. N. Y. Evening Journal Pub. Co., 67 Misc. Rep. 570, 124 N. Y. Supp. 780. We express no opinion as to whether the printed words describing the photograph were libelous, for this action is not brought for a libel but under a particular statute.

The judgment and order should be affirmed, with costs. All concur.